Jose Angel ORTEGA, et al., Appellants,

v.

LPP MORTGAGE, LTD., Appellee.

No. 13–03–310–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 10, 2005.

Rehearing Overruled April 14, 2005.

David E. Wood, McAllen, for appellants.

Mark W. Walker, Passmore, Walker & Twenhafel, L.L.P., McAllen, for appellee.

Before Justices YAÑEZ, RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellants, Jose Angel Ortega, Rene Ortega, Mary C. Ortega, Rolando Ortega, and David Ortega, challenge a final judgment entered in favor of appellee, LPP Mortgage, Ltd., denying appellants' petition for an injunction and granting appellee's claims for monetary judgment on certain promissory notes, declaratory judgment, and attorney's fees.[1] Because the jury charge used in this case contained an error that probably caused the rendition of an improper judgment, we reverse the judgment and remand the cause to the lower court for a new trial.

## Background

This case arises from a series of defaulted notes. In 1978, Jose Angel Ortega and his son Rene Ortega formed Ortega Farms, a partnership created to conduct the business of farming. On September 30, 1982, Jose Angel and Rene, as partners of Ortega Farms, applied for a business loan from the United States Small Business Administration ("SBA"). The loan application was denied because Ortega Farms lacked adequate collateral. On December 10, 1982, Jose Angel and his wife, Herlinda, executed two warranty deeds, which purported to convey to Ortega Farms certain parcels of land known as Tract 1 and Tract 2. The transfer was executed to improve the financial position of Ortega Farms and to improve the likelihood of the partnership obtaining a loan.

In 1983, Ortega Farms obtained a loan of $105,000 from the First National Bank of Mercedes. The loan was secured by a first and second lien on Tract 2 and Tract

1, respectively. On May 24, 1984, Ortega obtained a loan of $114,000 from the SBA. This loan was evidenced by a promissory note payable to the SBA ("Note 1") and secured by a deed of trust lien on Tract 1 and a separate deed of trust on Tract 2. The First National Bank of Mercedes agreed to subordinate its pre-existing security interests in Tract 1 and Tract 2 to the SBA's deeds of trust.

Ortega Farms ceased making payments on Note 1 in 1997. On November 7, 2001, appellee purchased Note 1 from the SBA. In the same month, appellee commenced proceedings to foreclose on Tract 1 and Tract 2. Shortly after the foreclosure proceedings commenced, appellants filed a petition for a permanent injunction against appellee and asked the trial court for a temporary restraining order to prevent the scheduled foreclosure. Appellants argued that Tract 1 and Tract 2 were their homesteads and therefore exempt from forced sale. The trial court granted the TRO, but it was subsequently overruled by operation of law on December 4, 2001.

On February 11, 2002, appellee filed a counterclaim seeking a judgment against four of the appellants (the obligors) for amounts owed to appellee on five notes, including Note 1. Appellee also asserted a counterclaim for a declaratory judgment that any ownership or homestead rights held by appellants were after-acquired, subordinate, and inferior to the liens held by appellee. On June 20, 2002, appellee non-suited its claim for a money judgment on Note 1. On the same day, the trial court granted appellee's motion for partial summary judgment as to the amounts owed on the remaining four notes.[2]

---

1. Rene, David, and Rolando are Jose Angel's sons. Mary is Rene's wife.

2. This appeal deals primarily with the effect on Note 1, as appellants have not challenged the partial summary judgment rendered on the other four notes.

Appellants' claim for a permanent injunction and appellee's counterclaim for a declaratory judgment were then tried before a jury, which found that Tract 1 and Tract 2 were not the homestead of Appellant Jose Angel Ortega prior to the execution of Note 1.[3] A final judgment was then entered in favor of appellee.

## I. Exclusion of Testimony

In their first issue, appellants argue that the trial court erred by excluding certain testimony by Jose Angel and Rene.

### A. Standard of Review

[1–5] The admission or exclusion of evidence is a matter within the trial court's discretion. *Norwest Mortgage, Inc. v. Salinas*, 999 S.W.2d 846, 861 (Tex.App.-Corpus Christi 1999, pet. denied) (citing *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995)). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *Alvarado*, 897 S.W.2d at 754. An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling, even if it was not previously urged. *See State Bar v. Evans*, 774 S.W.2d 656, 659 n. 5 (Tex.1989). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling "probably caused the rendition of an improper judgment." Tex.R.App. P. 44.1(a). In making this determination, the appellate court must review the entire record. *See Alvarado*, 897 S.W.2d at 754. Reversible error does not usually occur in connection with rulings on questions of evidence, unless the appellant can demonstrate that the whole case turns on the particular evidence admitted or excluded.

*See Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 837 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.) (citing *Atlantic Mut. Ins. Co. v. Middleman*, 661 S.W.2d 182, 185 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.)). The exclusion of evidence is harmless if the evidence is merely cumulative of other evidence in the record. *Reina v. Gen. Accident Fire & Life Assurance Corp.*, 611 S.W.2d 415, 417 (Tex.1981); *see also Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

### B. Analysis

In a single issue, appellants contend that the trial court erroneously excluded testimony of Jose Angel and Rene, which should have been admitted as an admission by a party opponent or as a statement against interest. *See* Tex.R. Evid. 801(e)(2) (admission by party opponent), 803(24) (statement against interest). According to appellants, the excluded testimony "showed that the deeds to the partnership were sham transactions." Appellants allege that Jose Angel and Herlinda transferred Tract 1 and Tract 2 to Ortega Farms only because the SBA refused to make or guarantee any loans until such transfers were made. Appellants contend that the excluded testimony by Jose Angel and Rene would have established the "facts and circumstances" preceding the transfers, including the SBA's role in necessitating and orchestrating the land transfers.

#### 1. Testimony of Jose Angel

■ As a preliminary matter, we note that, at trial, appellants' counsel failed to make an offer of proof regarding the excluded testimony of Jose Angel. *See*

---

**3.** The trial court denied the homestead interests claimed by Rene, Mary, Rolando, and David by a directed verdict. The jury was only asked to determine whether Jose Angel had a homestead interest.

TEX.R. EVID. 103(a)(2); *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 339 (Tex. App.-San Antonio 2000, pet. denied) ("The failure to make an offer of proof containing a summary of the excluded witness's intended testimony waives any complaint about the exclusion of the evidence on appeal."). Appellants argue that the testimony should have been admitted as an admission by a party opponent or as a statement against interest, but those grounds were not argued to the trial court. *See* TEX.R.APP. P. 33.1(a)(1). Consequently, any error regarding the exclusion of Jose Angel's testimony has been waived, and this issue presents nothing for appellate review. *See In the Interest of C.J.B.*, 137 S.W.3d 814, 818 (Tex.App.-Waco 2004, no pet.) (holding that a "complaint [that] does not comport with the complaint raised before the trial court ... presents nothing for ... [appellate] review").

### 2. Testimony of Rene

Appellants' counsel made an offer of proof regarding the exclusion of Rene's testimony and raises the same complaint on appeal that he made at trial: the testimony should have been admitted as an admission by a party opponent or as a statement against interest. *See* TEX.R. EVID. 801(e)(2), 803(24). Having reviewed the record, we cannot conclude that the excluded testimony "probably caused the rendition of an improper judgment." *See* TEX.R.APP. P. 44.1(a)(1).

In appellants' offer of proof, Rene admits that he never directly discussed the transfer of his parents' property with the SBA. According to Rene's testimony, he and his father were trying to obtain a loan from the SBA in 1982 when they met with Rosario Gomez, an employee of the local development council. Rosario helped Rene and his father complete their loan application and other related paper work.

During this process, Rosario asked the men what they could offer as collateral for the loan. Rene initially offered farming equipment, but Rosario objected, explaining that the equipment was already encumbered by a lien. Rene then offered his father's property, Tract 1 and Tract 2, as collateral.

Next, a meeting was arranged at a local restaurant between Rosario, Rene, Jose Angel, and an SBA representative, Ramiro Valdez. During the meeting, Ramiro assured the men: "We will try to help you somehow." Ramiro and Rosario then moved to a part of the restaurant where they "talked amongst themselves." After the meeting, Rosario told the Ortegas that the SBA would "[give] the okay" if the property were transferred to the partnership. According to Rene, "[t]he man from the SBA" was the person "who first brought up the transfer of the land"; however, on cross-examination, Rene admitted that he was not part of the discussion between Ramiro and Rosario but had learned everything through Rosario. In particular, Rene explained that "the man from the SBA" never told him to transfer the property to the partnership.

The excluded testimony by Rene is largely, if not entirely, cumulative of testimony given by Jose Angel that was not excluded. On direct examination, Jose Angel gave the following testimony:

Q. [By appellants' counsel] Can you describe why the land that you previously discussed ... was put into the partnership?

A. In order to locate or find money and to be able to work for the land.

Q. And how was that done?

A. The SBA would arrange the paperwork, and they worked that out, some gentleman there named Ramiro Valdez and Rosario, I don't recall very

well the name, Gomez. They worked out the paperwork and they would send it and knew how things were.

This testimony tends to show the same facts that Rene's excluded testimony would have shown: the land was transferred in order to obtain a loan, and the SBA and Rosario completed the paperwork related to the transaction. Reversible error cannot be predicated on the exclusion of cumulative evidence. *See Gee,* 765 S.W.2d at 396; *Reina,* 611 S.W.2d at 417. Appellants' first issue is overruled.

## II. Error in the Jury Charge

In their second issue, appellants contend that the judgment should be reversed and the cause remanded because the trial court erred by submitting jury question number one as the first question and jury question number two as the second question. According to appellants, the questions should have been submitted in reverse order and without any conditional language.

### A. Standard of Review

■ The goal of a jury charge is to submit the issues for decision logically, simply, clearly, fairly, correctly, and completely, and the trial court has broad discretion in accomplishing that end as long as the charge is legally correct. *Hyundai Motor Co. v. Rodriguez,* 995 S.W.2d 661, 664 (Tex.1999). A trial court must submit "such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX.R. CIV. P. 277; *see also Union Pac. R.R. Co. v. Williams,* 85 S.W.3d 162, 166 (Tex.2002). A party is entitled to a jury question, instruction, or definition if the pleadings and evidence raise an issue. *Williams,* 85 S.W.3d at 166 (citing TEX.R. CIV. P. 278). This is a substantive, *nondiscretionary* directive to trial courts, requiring them to submit requested questions to the jury if the pleadings and any

evidence support them. *Elbaor v. Smith,* 845 S.W.2d 240, 243 (Tex.1992). A trial court's error in refusing to submit a question is reversible if it "probably caused the rendition of an improper judgment." TEX. R.APP. P. 44.1(a)(1).

### B. Analysis

■ Question number one asked, "Did Jose Angel Ortega own a 'homestead' interest in Tract 1 and Tract 2 immediately preceding the execution of the Deeds of Trust in May 1984?" Question number two asked, "Did the Deeds to the Partnership constitute a pretended sale involving any condition of defeasance?" The charge allowed the jury to answer question number two only if it first answered "yes" to question number one. That is, the jury could decide whether the deeds to the partnership executed in 1982 were part of a pretended sale only if it first decided that Jose Angel had a homestead interest in 1984.

At trial, appellants objected to the ordering of the questions and to the conditional language, but their objections were overruled. *See Johnson v. Johnson,* 869 S.W.2d 490, 492 (Tex.App.-Eastland 1993, writ denied) ("Under TEX.R. CIV. P. 274, the proper method of preserving error as to a question, definition, or instruction actually submitted is by objection, regardless of whether the issue is relied upon by the complaining party."). The trial court also overruled appellants' motion for a new trial, which argued, *inter alia,* that the court erred by submitting questions one and two in reverse order.

■ We agree with appellants and conclude that the jury charge was erroneous. The jury could not answer question number one properly without first deciding question number two. The answer to question number one depended on the answer to question number two because

whether Jose Angel had a homestead interest in 1984 (question number one) depended, in part, on whether the 1982 transfers were valid (question number two). If, on the one hand, the 1982 transfers were valid, then Jose Angel would not have had a homestead interest in 1984 because Ortega Farms would have held legal title to the land. *See First Interstate Bank v. Bland*, 810 S.W.2d 277, 286 (Tex. App.-Fort Worth 1991, no writ) (stating that only an owner of property can claim a homestead exemption). The answer to question number one would therefore be "no." If, on the other hand, the 1982 transfers were part of a pretended sale, Jose Angel could have had a homestead interest in 1984 because he would not have been divested of legal title to the property. *See* Tex. Const. art. XVI, § 50(c) ("All pretended sales of the homestead involving any condition of defeasance shall be void."). In such case, the answer to question number one could be either "yes" or "no," depending on whether the homestead interest survived until 1984. But more importantly, if the deeds to the partnership were executed as part of a pretended sale, the answer to question number one would be irrelevant. A pretended sale of the homestead cannot transfer legal title. *See id.* If the deeds to the partnership were executed as part of a pretended sale, the partnership could not have transferred any interest in the property to the SBA or to appellee because the partnership would not have had any legal interest in the property. Consequently, if the deeds to the partnership were part of a pretended sale, appellee would have no legal interest in the property and could not foreclose on it, regardless of whether Jose Angel had a homestead interest in 1984 (i.e., question number one).

In short, the jury charge put the cart before the horse: question number two should have been asked first, followed by question number one. The trial court erred by ordering the questions so that question number two could be answered only if question number one were answered affirmatively. *See Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex.App.-Dallas 2002, pet. denied) ("controlling issues of fact must be submitted to the jury") (citing *Wright Way Constr. Co. v. Harlingen Mall Co.*, 799 S.W.2d 415, 422 (Tex.App.-Corpus Christi 1990, writ denied) (op. on reh'g)). The error probably caused the rendition of an improper judgment because the ordering of the questions and the jury charge's conditional language prevented the jury from answering a controlling issue that could have changed the outcome of the case regardless of the jury's answer to question number one. *See* Tex.R.App. P. 44.1(a)(1). Accordingly, appellants' second issue is sustained.

### III.   Factual Sufficiency

In their third issue, appellants argue that the jury's answer to question number one was against the great weight and preponderance of the evidence and was manifestly unjust. We will not decide this issue because the relief to which appellants would be entitled if it were sustained (i.e., reverse and remand) is no greater than the relief already granted to appellants. *See Ames v. Ames*, 776 S.W.2d 154, 158 (Tex.1989) (stating that court of appeals can reverse and remand for new trial if evidence is factually insufficient).

### IV.   Statute of Limitations

██ Appellants' fourth issue on appeal contends that the trial court erred by refusing to grant appellants' motion for a directed verdict based on the statute of limitations. Under appellate rule 38.1(h), "The brief must contain a clear and concise argument for the contentions made, with

appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h). Appellants' fourth issue is inadequately briefed because it is no more than a contention. It asserts that appellee's counterclaim was time-barred by the statute of limitations but offers no "clear and concise argument" to support the assertion. *See id.* Appellant's fourth issue presents nothing for this Court to review and will not be addressed.

## V. Conclusion

Having sustained appellants' second issue, this Court reverses the judgment of the trial court and remands the cause for further proceedings consistent with this opinion.