Affirmed and Memorandum Opinion filed November 25, 2008








Affirmed and Memorandum Opinion filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00640-CV

____________

 

PARALLAX BUILDERS, INC., Appellant

 

V.

 

EXCEL PARTNERS, L.P. AND WESTERN
SURETY COMPANY,
Appellees

 



 

On Appeal from the 113th
District Court

 Harris County, Texas

Trial Court Cause No. 2005-75253

 



 

M E M O R A N D U M   O P I N I O N








Parallax Builders, Inc. appeals from the judgment in a
construction contract case.  Based on the jury=s verdict, the
trial court awarded Parallax damages of $32,172.03 for Excel Partners, L.P.=s breach of the
contract.  Further pursuant to the jury=s verdict, the
court awarded Excel Partners an off-set of $12,500 for Parallax=s violation of the
Deceptive Trade Practices Act.  It is this second award of which Parallax now
complains.[1] 
In three issues, Parallax contends that (1) the judgment does not comport with
the jury=s findings, (2)
the trial court improperly commented on the weight of the evidence in the jury
charge, and (3) the trial court placed the questions in the jury charge in an
improper sequence.  In its brief, Excel Partners requests sanctions against
Parallax for filing a frivolous appeal.  We affirm the judgment and deny the
request for sanctions.

Background

Parallax filed suit against Excel Partners, alleging that
Excel Partners had contracted with Parallax for Parallax to furnish labor and
materials in the construction of four homes but then failed to make the final
payment under the contract of $45,651.87.  Parallax sought recovery under both
breach of contract and quantum meruit.  Excel Partners counter-claimed against
Parallax for, inter alia, breach of contract, negligence, obtaining a
fraudulent lien, breach of an express warranty, breach of implied warranties,
and various violations of the Texas Deceptive Trade Practices Act (DTPA).

After a trial to the jury, the trial court submitted
seventeen questions in the jury charge.  Questions 1 through 6 concerned the
parties= respective breach
of contract claims.  Question 1, and the jury=s answers thereto,
appear as follows:

Question 1

Did any of the
parties listed below fail to comply with the agreement?

Answer AYes@ or ANo@ to each of the
following:

a.  Plaintiff, Parallax Builders,
Inc.:      NO   

b.  Defendant, Excel Partners,
L.P.:      YES   








Question
2 was predicated on a finding in question 1 that Parallax had failed to comply
with the agreement and asked what sum of money would compensate Excel Partners
for that failure.  Question 3 was also predicated on a finding that Parallax
had breached the agreement and asked about Excel Partners= attorney=s fees.  Because,
in response to question 1, the jury did not find that Parallax violated the
agreement, it did not answer questions 2 and 3.

Question 4 was predicated on a finding in question 1 that
Excel Partners had failed to comply with the agreement and asked what sum of
money would compensate Parallax for that failure.  The jury awarded
$32,172.03.  Question 5 asked whether Excel Partners failure to comply was
excused, and the jury responded: ANo.@  In answer to
question 6, the jury awarded $7,500 in attorney=s fees to
Parallax.

In response to questions 7 and 8, the jury rejected Excel
Partners= claim that
Parallax had filed a fraudulent lien.  In response to questions 9 and 10, the
jury rejected Excel Partners= contention that Parallax charged a
usurious interest rate.  In questions 11 and 12, the jury rejected Excel
Partners= claim that
Parallax had violated certain DTPA provisions.  In question 13, the jury found
that Parallax failed to comply with the implied warranty that services were
performed in a good and workmanlike manner.  In question 14, they assessed
damages for this failure at $12,500.  In the remaining three questions, the
jury refused to award attorney=s fees for Parallax=s breach of the
implied warranty, and found that the failure to comply was not done knowingly.

As stated above, the trial court entered final judgment in
keeping with the jury=s findings, awarding Parallax damages of
$32,172.03 for Excel Partners= breach of contract and awarding Excel
Partners an off-set of $12,500 for Parallax=s breach of the
implied warranty.  Specifics regarding the jury charge conference and entry of
judgment will be discussed as relevant below.

Error in the Judgment








In its first issue, Parallax contends that the judgment
does not comport with the jury=s findings because the judgment states
that Parallax violated the DTPA, whereas the jury found that Parallax failed to
comply with a warranty.  We begin by noting that Parallax does not cite any
relevant authority in support of this issue and thus has not properly briefed
the issue.  Tex. R. App. P. 38.1(h) (AThe [appellant=s] brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@).

Additionally, while the record shows that Parallax objected
to language in the judgment, it did not raise this particular issue in the
trial court.  To have preserved error, a party=s argument on
appeal must comport with its argument in the trial court.  Bayer Corp. v. DX
Terminals, Ltd., 214 S.W.3d 586, 603 (Tex. App.CHouston [14th
Dist.] 2006, pet. denied); see also Tex. R. App. P. 33.1(a) (requiring
as a prerequisite to appeal that any complaint first be made in the trial
court).  During the hearing on Parallax=s motion for entry
of judgment, counsel for Parallax objected only in regards to the language used
to describe the damages Parallax was to pay Excel Partners.  The draft judgment
called the damages Aactual compensatory damages,@ whereas counsel
insisted they be termed Aeconomic damages.@  The change was
made as requested.  Immediately after that objection, Parallax=s counsel
apparently asked Excel Partners= counsel whether he would mind changing
the language in the judgment regarding Parallax=s DTPA violation
from the generic Aviolations of the Deceptive Trade
Practices Act,@ to more specific language indicating that Parallax
had violated DTPA section 17.50 (which includes breach of an implied
warranty).  Tex. Bus. & Com. Code Ann.
' 17.50 (a)(2).[2] 
When Excel Partners= counsel suggested such a change went Abeyond what we
actually need,@ Parallax=s counsel
responded:  AOkay.@  The hearing then concluded without
Parallax=s raising any
concerns that the damages awarded to Excel Partners were for failure to comply
with a warranty rather than for violation of the DTPA.  Accordingly, Parallax
failed to preserve this issue for appeal, and we overrule Parallax=s first issue.

Comment on Weight of Evidence








In its second issue, Parallax contends that the trial court
improperly commented on the weight of the evidence in the jury charge. 
Specifically, Parallax argues that by not predicating the jury=s answer to
question 13, concerning breach of an implied warranty, on an affirmative answer
to question 1, concerning breach of contract, the court improperly suggested
that Parallax breached the implied warranty.  Again Parallax did not preserve
this argument by making it in the trial court.  See Tex. R. App. P.
33.1(a); Bayer Corp., 214 S.W.3d at 603.  During discussion of the
proposed charge, Parallax=s counsel objected to questions 11 through
17 on the ground that the only damages Excel Partners sought were for breach of
the contract and that such damages are not recoverable under the DTPA.  In
other words, Parallax asserted that questions 11 through 17 should not have
been submitted in the charge at all.  This argument is essentially the opposite
of what Parallax now argues on appeal:  that the trial court should have
predicated question 13 on an affirmative answer to the breach of contract
question.  At no point during the discussion of the charge did Parallax=s counsel argue
either that question 13 should be predicated on question 1 or that question 13
constituted a comment on the weight of the evidence.  Accordingly, we find that
these arguments were not preserved for appellate review and overrule Parallax=s second issue.

Sequencing of Jury Charge

In its third issue, Parallax contends that the trial court
placed the questions in the jury charge in an improper sequence.  Specifically,
Parallax complains that even though it was the plaintiff below, the trial court
submitted questions concerning Excel Partners= breach of
contract cause of action before questions concerning Parallax=s breach of
contract cause of action.  Parallax believes that this sequencing effectively
commented on the relative weight of evidence by suggesting that Excel Partners
had a better case than Parallax.  Parallax further claims that this improper
sequencing likely led the jury to find in Excel Partners= favor on the
implied warranty issue contained in question 13.








Parallax is correct that a trial judge should not directly
comment in the jury charge on the weight of the evidence.  See Tex. R.
Civ. P. 277.  Any statement or action by the trial court which suggests the
court=s opinion
concerning an issue in the case may be considered a comment on the weight of
the evidence.  See Mieth v. Ranchquest, Inc., 177 S.W.3d 296, 304 (Tex.
App.CHouston [1st
Dist.] 2005, no pet.).  Parallax is also correct that several rules of
procedure suggest that the plaintiff typically should present its argument and
evidence to the jury before the defendant does.  See Tex. R. Civ. P.
265, 266, 269.[3] 
However, Parallax does not cite any authority directly supporting its
contention that it is error for a trial court to place questions on a
counter-plaintiff=s cause of action before questions
concerning a plaintiff=s cause of action, and we are aware of no
such authority.[4]








Furthermore, even if Parallax is correct that sequencing
such as the trial court used here constitutes error, any such error would be
reversible only if it probably caused the rendition of an improper judgment.  See
Tex. R. App. P. 44.1(a)(1).  The jury found in favor of Parallax on the
questions it claims were improperly sequenced, finding that Excel Partners
breached the agreement, Parallax did not breach the agreement, and Parallax was
entitled to $32,172.03 in damages for Excel Partners= breach.  In
total, the jury found in Parallax=s favor on
questions 1 (subparts a and b), 4, 5, 6, 7, 9, 11, 12, 15, and 16.  Because of
its answers favoring Parallax on other questions, the jury did not need to
answer questions 2, 3, 8, 10, or 17.  The jury found against Parallax only on
questions 13 (breach of implied warranty) and 14 (damages for the breach).  Even
under Parallax=s theory, these two questions were properly sequenced,
coming well after Parallax=s own claims were presented in the
charge.  Given that (1) the jury answered the allegedly improperly sequenced
questions in Parallax=s favor, (2) the jury answered numerous
intervening questions in Parallax=s favor, and (3)
the questions on which the jury found against Parallax were properly sequenced
under Parallax=s rationale, we fail to see any connection between the
alleged sequencing error and the alleged harm.  Accordingly, we cannot say that
the alleged error probably caused the rendition of an improper judgment under
Rule 44.1.  Parallax=s third issue is overruled.

Request for Sanctions

As mentioned above, in its brief, Excel Partners requests
sanctions against Parallax pursuant to Rule 45 of the Texas Rules of Appellate
Procedure for the filing of a frivolous appeal.  Tex. R. App. P. 45.  Whether to grant sanctions for a
frivolous appeal is a matter of discretion that this court exercises with
prudence and caution and only after careful deliberation in truly egregious
circumstances.  Goss v. Houston Cmty. Newspapers, 252 S.W.3d 652, 657
(Tex. App.CHouston [14th Dist.] 2008, no pet.).  If an appellant=s argument on
appeal fails to convince us but has a reasonable basis in law and constitutes
an informed, good‑faith challenge to the trial court=s judgment,
sanctions are not appropriate.  Id.  Although Parallax=s first two issues
were not preserved in the trial court and the third lacks merit, we conclude
that the appeal is not so egregious as to merit sanctions.  Accordingly, we
deny Excel Partners= request for sanctions.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed November 25, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.









[1]  In the judgment, the trial court also ordered that
Parallax take nothing on its claims against Western Surety Company.  Parallax
does not complain about this part of the judgment, and thus, Western Surety
plays no role in this appeal.





[2]  Although it is not entirely clear from the record to
whom Parallax=s counsel directed his question, it is clear that
Excel Partners= counsel, and not the trial court, responded.





[3]  The rules in question actually state that it is the
party with the burden of proof on the whole case who should go first.  See Tex. R. Civ. P. 265, 266, 269.  





[4]  Parallax cites Ortega v. LPP Mortgage, Ltd.,
160 S.W.3d 596 (Tex. App.CCorpus Christi 2005, no pet.), for the proposition
that the order of jury questions can be a basis for reversal.  In that case,
the court indeed held that the questions were improperly ordered because the
jury could not have properly answered question 1 without first having answered
question 2 because the answer to question 1 depended on the response to
question 2.  Id. at 601-02.  The case does not, however, support the
proposition that a plaintiff=s cause of
action must always be presented in the charge before a defendant=s cause of action.