

## NUMBER 13-13-00448-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ANA CECILIA CANTU,                                       **Appellant,**

**v.**

EDWARD LEE CANTU,                                      **Appellee.**

## On appeal from the 445th District Court
## of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Longoria

By three issues, appellant Ana Cecilia Cantu ("Ana") challenges the provision of the decree of divorce awarding her husband, appellee Edward Lee Cantu ("Edward"), the right to designate the primary residence of their minor child. We affirm.

## I. BACKGROUND[1]

In September of 2012, Ana petitioned for divorce from Edward on the basis of irreconcilable differences. The parties asked a jury to resolve a single issue: which parent would have the right to decide the child's primary place of residence. The trial court judge had earlier appointed a social worker, Xochitl Llamas, to perform a social study evaluating the parties. At trial, the following exchange occurred between Ana's trial counsel and the judge:

[Counsel]: Before we proceed, I have another question.

The Court: Did you want to talk to your client beforehand or what?

[Counsel]: No. It's a different issue. I have a question on the social study. Is it a part of the Court's file or are we going to have to introduce it as evidence or—

The Court: The social study is not for the jury.

[Counsel]: It's not for—

The Court: It's for the Court only.

[Counsel]: So I have to bring the person that did the social study? Can I do that or not?

The Court: Well, what's the purpose—it's my understanding that before the jury, the social study is not admissible, and I [*sic*] would follow that the person who wrote the social study is not a witness to the case. Unless you have some other authority, then I'm not going to let the—that person testify.

[Counsel]: All right.

The Court: Because the report was done exclusively for the Court.

[Counsel]: All right. I just wanted to clarify. Thank you.

---

[1] Edward chose not to file a brief in this case. Accordingly, we take as true Ana's statement of facts to the extent that the statement is supported by record references. *See* TEX. R. APP. P. 38.1(g).

Ana did not make an offer of proof or file a bill of exception concerning the social study or Llamas's testimony. The jury returned a verdict awarding to Edward the right to decide the primary residence of the child. Ana filed a motion for new trial that was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Ana also filed a post-trial motion to modify conservatorship, but the trial court did not rule on it and later granted her motion to withdraw the motion to modify.

By three issues, Ana asserts that: (1) the trial court erred by excluding the social study; (2) the trial court erred by excluding the testimony of the Llamas, the social worker who prepared the study; and (3) that the jury's verdict was "so against the great weight and preponderance of the credible and believable evidence as to be manifestly wrong and unjust."

## II. EXCLUSION OF EVIDENCE

By her first two issues, which we consider together, Ana asserts that the trial court erred by excluding the social study and by refusing to permit Llamas to testify. Ana argues that this ruling caused harm because Llamas would have been the only disinterested witness presented to the jury.

### A. Standard of Review and Applicable Law

We review the court's ruling on the admission or exclusion of evidence for abuse of discretion. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). We will uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.). "A trial court abuses its discretion when it acts without reference to any guiding rules and principles." *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). Under an abuse-of-discretion

3

review, we may not substitute our judgment for that of the trial court. *In re Estate of Miller*, 243 S.W.3d at 837.

The exclusion of evidence is reversible error only if the complaining party shows (1) that the trial court committed error and (2) the error probably caused the rendition of an improper judgment. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 812 (Tex. 2010); *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). There is no specific test to determine whether error is harmful; the Texas Supreme Court entrusts "that determination to the sound discretion of the reviewing court." *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870. We review the entire record when making this determination. *Id.*

### B. Discussion

To preserve error in the exclusion of evidence, a party must "actually offer the evidence and secure an adverse ruling from the court." *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 334 (Tex. App.—Dallas 2008, no pet.); *see Fletcher v. Minnesota Min. & Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). When evidence is excluded, the proponent of the evidence must make an offer of proof that shows the nature of the evidence specifically enough that the reviewing court can determine its admissibility. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). If the substance of the evidence is apparent from the record, "a formal offer of proof may not be necessary." *Wilson ex rel. C.M.W. v. Estate of Williams*, 99 S.W.3d 640, 650 (Tex. App.—Waco 2003, no pet.). Yet, even if we are able to discern the nature of evidence from the record sufficiently to determine the correctness of the trial

4

court's ruling, "without an offer of proof, we can never determine whether exclusion of the evidence was harmful." *Bobbora,* 255 S.W.3d at 336.

In this case, trial counsel for Ana asked the judge to clarify the status of the expert report, but he did not attempt to offer the report into evidence or secure an adverse ruling. Even if we consider Ana's counsel's question regarding offering the evidence as an offer and the judge's comment as to its probable exclusion as an adverse ruling, counsel did not make an offer of proof or file a bill of exception.[2] *See* TEX. R. EVID. 103; *Bobbora,* 255 S.W.3d at 335; *In re N.R.C.,* 94 S.W.3d at 606. It is the failure to make an offer of proof that distinguishes this case from *Hutchins v. Donley*, Ana's main authority, in which the attorney made an offer of proof of the excluded social study. No. 11-12-00204-CV, 2014 WL 2767122, at *3 (Tex. App.—Eastland June 12, 2014, no pet.) (mem. op.) (observing that "Hutchins's attorney made an offer of proof").

Ana complains in her second issue of the exclusion of Llamas's testimony, but she never called Llamas as a witness or received an adverse ruling from the trial court, and did not make an offer of proof regarding her testimony. *See Bobbora,* 255 S.W.3d at 334; *Ortega v. LPP Mortg., Ltd.,* 160 S.W.3d 596, 600 (Tex. App.—Corpus Christi 2005, pet. denied) (holding that the appellant's failure to make an offer of proof containing a summary of an excluded witness's testimony waived any challenge to that exclusion on appeal); *Akin v. Santa Clara Land Co., Ltd.,* 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied) (same).

---

[2] We agree with a suggestion in Ana's brief that that the record reflects that the social study ultimately recommended that Ana have the right to designate the child's residence. However, the substance of the study has not been preserved in the record, only the final recommendation. *See Bobbora v. Unitrin Ins. Servs.,* 255 S.W.3d 331, 336 (Tex. App.—Dallas 2008, no pet.).

Because Ana did not offer the evidence and receive an adverse ruling and because she failed to make an offer of proof or file a bill of exception, we hold that Ana did not preserve her first two issues for review.[3] *See Bobbora,* 255 S.W.3d at 335; *In re N.R.C.,* 94 S.W.3d at 606; *Ortega,* 160 S.W.3d at 600; *Akin,* 34 S.W.3d at 339. We overrule Ana's first two issues.

### III. MODIFICATION

The substance of Ana's third issue is that the trial court abused its discretion in accepting the jury's verdict because there was no evidence of a material and substantial change to support a modification of conservatorship. *See In re S.N.Z.,* 421 S.W.3d 899, 909 (Tex. App.—Dallas 2014, pet. denied). However, both Ana's original petition for divorce and Edward's counter-petition for annulment recite that there are no "court-ordered conservatorships" affecting the child. We can find no indication in the record that either parent was appointed a conservator of the child before the court rendered the divorce decree, and the trial court granted Ana's motion to dismiss her motion to modify. There is no order for Ana to challenge on appeal. We overrule Ana's third issue.

---

[3] Ana suggests under this issue that the court of appeals "should not decide this appeal until it has decided [Ana's] motion to extend the time to file bills of exception." No such motion appears in the record. Ana also tells us that she requested that the trial court clerk supplement the record with the social study, but no supplemental record has been received.

To the extent that Ana requests that we supplement the record, we deny that request. Although any party may request that the clerk supplement an omitted "relevant item," *see* TEX. R. APP. P. 34.5(c), the rule may not be used to create a new record containing documents that were not on file with the trial court at the time it ruled. *See Intermarque Auto. Products, Inc. v. Feldman*, 21 S.W.3d 544, 547 n.3 (Tex. App.—Texarkana 2000, no pet.) (observing that while Rule 34.5(c) allows courts to supplement the record, it does not allow the court to consider documents which were not on file with the trial court at the time it ruled); *Richards v. Comm'n for Lawyer Discipline*, 35 S.W.3d 243, 251 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (same).

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed the
5th day of March, 2015.