**LEXCON, INC., and Lexington Apartments and Motor Inns, Appellants,**

v.

**Jimmie Leon GRAY d/b/a Gray Roofing and Roofing Wholesale Company, Inc., Appellees.**

No. 05–86–01298–CV.

Court of Appeals of Texas, Dallas.

Oct. 28, 1987.

Rehearing Denied Dec. 4, 1987.

Jody L. McPherson, Dallas, for appellants.

Durwood D. Crawford, Dallas, for appellees.

Before DEVANY, MCCLUNG, and McCRAW, JJ.

DEVANY, Justice.

This is an appeal from a judgment resulting from a consolidation of two separate suits. Of the original parties, only Lexcon, Inc., appellant, and Roofing Wholesale Company, Inc., appellee, are parties to this appeal.

Lexcon contracted to build a motel project in Duncanville, Texas. A portion of the contract was subcontracted to Gray Roofing who purchased materials from Roofing Wholesale. Gray Roofing failed to pay for all the materials it purchased and Roofing Wholesale sought recovery on its open account from Gray Roofing, and foreclosure of its materialman's lien which it filed against the owner of the project and statutory retainage against Lexcon.

In a trial before the court, the judge found Roofing Wholesale was entitled to $3,358.99 from Lexcon; however, neither side requested findings of fact and conclusions of law. Therefore, we cannot determine what facts the court chose from the evidence to reach its ultimate finding of $3,358.99.

Lexcon presents six points of error. In its first three points, it contends that the trial court's "presumed finding" that the felt and asphalt sold by Roofing Wholesale to Gray Roofing was used in the motel project is (1) not supported by the evidence, (2) contrary to the great preponderance of the evidence, and (3) contrary to the undisputed evidence; Lexcon further complains that the trial court erred in (4) holding that it was not necessary for Roofing Wholesale to establish that the materials sold to Gray Roofing were delivered to and went into the job, (5) holding Lexcon again liable for a sum it has paid jointly to Gray Roofing and Roofing Wholesale, where Roofing Wholesale has refunded part of those funds, to-wit: $6,479.99, to its customer, Gray Roofing, who incurred the debt, and (6) awarding attorney's fees to Roofing Wholesale, while failing to award attorney's fees to Lexcon. Finding no merit to these claims, we overrule them and affirm the judgment of the trial court.

▪ Where one fails to secure specific findings of fact and conclusions of law, the trial court's judgment implies all necessary fact findings in support of that judgment. *Menking v. Tar Heel Energy Corp.*, 621 S.W.2d 447, 449 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Oglesby v. Silcott*, 620 S.W.2d 820, 825 (Tex.Civ.App.—Tyler 1981, no writ). Where there is sufficient evidence to support the trial court's implied findings, it is conclusively presumed that

all fact issues were found by the trial court in such a way as to support the judgment. *In re Glasco,* 619 S.W.2d 567, 571 (Tex.Civ. App.—San Antonio 1981, no writ); *Turberville v. Upper Valley Farms, Inc.,* 616 S.W. 676, 678 (Tex.Civ.App.—Corpus Christi 1981, no writ).

The trial court had before it Roofing Wholesale's pleading which asked for the "balance due on the materials furnished ... for the construction of the Lexington Apartments & Motor Inn." No specific amount was pleaded. An analysis of the record in the order in which the evidence was presented at trial reveals the following pertinent facts:

Gray Roofing undertook to do certain work for Lexcon for $67,050; that Gray would need clay tile, trim, wood strips, felt, sheet metal, fiberglass felt, and asphalt to complete the work; that Roofing Wholesale sold materials to Gray, its customer; that Gray had a balance owing to Roofing Wholesale in the sum of $13,124.21 at the time of trial; that certain invoices were placed in evidence to support the deliveries of materials to the job site (although our review of all the copies of invoices in the record on appeal total only $16,035.28); that the parties stipulated that a reasonable attorney's fee against Lexcon would be $4,500 if Roofing Wholesale was successful in securing a judgment against Lexcon; that at one point during Gray's performance of his contract with Lexcon he owed Roofing Wholesale $35,436.12 for materials purchased by Gray and that he gave Roofing Wholesale a check for $33,511.77 issued by Lexcon, but Roofing Wholesale refunded $6,479.29 of this payment back to Gray even though Gray owed Roofing Wholesale an additional $8,300 in unbilled, recent purchases at the time of the refund; and that Gray's account with Roofing Wholesale included 480 kegs of asphalt, which was not used on the Lexcon job, totaling $5,640 billed to Gray, and that there were other items in Gray's account for materials not used on the Lexcon job.

■ From the foregoing, the finder of fact could have concluded that $33,511.77 in materials were purchased by Gray from Roofing Wholesale and used on the Lexcon job, and that an additional $3,358.99 in materials were purchased by Gray from Roof-

ing Wholesale and used thereafter by Gray to complete the job. On the other hand, the finder of fact could have concluded that Lexcon had more than paid for all the materials purchased by Gray and used on the Lexcon job; however, without guidance by findings of fact and conclusions of law, together with all the invoices covering Gray's purchases, we are unable to determine how the finder of fact arrived at the statutory amount owed by Lexcon. Therefore, points of error one, two, three, and five are overruled.

■ Point of error number four contends that Roofing Wholesale had to establish that the materials purchased by Gray actually went into the job. A supplier of materials may secure a lien if he furnishes materials for construction of a building in this state under or by virtue of a contract with the owner or the owner's subcontractor. TEX.PROP.CODE ANN. § 53.021 (Vernon 1984). In order to establish a lien, the materialman need not prove that the materials furnished actually went into the construction. The Supreme Court of Texas has stated:

> The language of the statute does not require ... that the material should actually enter into the construction of the improvement. To furnish materials for the construction of a house and to furnish materials which enter into its construction are very different things. To give our statute the latter construction is to strain its words beyond their usual meaning, and this should not be done for the purpose of depriving mechanics and others of the protection which the statute was evidently designed to give them. We rather incline to a liberal construction in their favor.

*Trammell v. Mount,* 68 Tex. 210, 4 S.W. 377, 378 (1887). Therefore, it is sufficient if the materialman proves delivery of the goods to the construction site or that he furnished the goods to the builder for a specific job. *W.L. MacAtee & Sons, Inc. v. House,* 137 Tex. 259, 153 S.W.2d 460, 461–62 (1941); *Houston Fire & Casualty Insurance Co. v. Hales,* 279 S.W.2d 389, 392–93 (Tex.Civ.App.—Eastland 1955, writ ref'd n.r.e.).

In order to uphold the trial court's judgment on Roofing Wholesale's lien claim,

there need only be evidence sufficient to support a finding that Roofing Wholesale furnished $3,358.99 of materials for the construction of the Lexington Motel and for which Roofing Wholesale has not been paid. The evidence showed that Roofing Wholesale supplied materials to Gray in connection with the Lexington Motel job. Thus, there is some evidence to support a finding that the materials furnished by Roofing Wholesale to Gray were furnished for the construction of the Lexington Motel.

Since Roofing Wholesale was not required to prove that the materials it furnished were actually included in the Lexington Motel construction, it is immaterial whether the evidence supports such a finding. Therefore, the trial court did not err in holding Lexcon liable for the materials sold by Roofing Wholesale and delivered to the Lexington Motel site. Point of error number four is overruled.

In point of error number six, Lexcon contends it was error to award $4,500 in attorney's fees to Roofing Wholesale. If a materialman's lien is not paid within 181 days after the lien is fixed and secured, the lien claimant is entitled to recover all reasonable costs of collection, including attorneys' fees. TEX.PROP.CODE ANN. § 53.156 (Vernon 1984). More than 181 days had expired after Roofing Wholesale secured its lien. The trial court found that there was a balance due in connection with the claim. Lexcon's counsel stipulated in open court that a reasonable attorney's fee for prosecuting Roofing Wholesale's lien claim was $4,500, the amount awarded in the trial court's judgment. Point of error number six is overruled.

### CROSS–POINTS OF APPELLEE

Roofing Wholesale raises two cross-points in its brief, claiming that the trial court erroneously deducted a refund check in calculating its lien claim.

An appellee may bring cross-points without perfecting an independent appeal. *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 185 S.W.2d 427, 430 (1945). "An appellee may use cross-points to bring forward complaints of some ruling or action of the trial court that the appellee alleges constituted error as to him." *Hernandez v. City of Fort Worth*, 617 S.W.2d 923, 924 (Tex.1981). However, "[e]ven if an appellee is entitled to bring a cross-point, he must allow the trial court an opportunity to correct any errors by filing exceptions to the judgment, notice of appeal, or motion for new trial." *City of Dallas v. Moreau*, 718 S.W.2d 776, 782 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The record indicates that Roofing Wholesale has failed to give the trial court an opportunity to correct such error, if any. Furthermore, for the reasons discussed above, without findings of fact and conclusions of law, we have no way to determine how the trial court arrived at the amount of $3,358.99. Without an adequate record, we presume the trial court arrived at the lien amount in the correct manner. For these reasons, Roofing Wholesale's cross-points are overruled.

The judgment of the trial court is affirmed.