Opinion issued May 19, 2011



In The

Court of
Appeals

For The



First
District of Texas

NO. 01-09-01147-CV



 

Morrell Masonry Supply, Inc., Appellant

V.

Scott
Griffin & Associates, Inc., Appellee



 



 

On Appeal from the County Court at Law Number 4

Harris County, Texas



Trial Court Case No. 926,298

 



 

MEMORANDUM OPINION

This is an
appeal following a bench trial involving a dispute over a residential
construction materials lien.  We affirm.     

BACKGROUND

Plaintiff/Appellant Morrell Masonry
sells building supplies, such as stucco.   
Defendant/Appellee Scott Griffin & Associates (SGA) is a general
contracting firm that builds houses on property it owns.  Felix Ruiz d/b/a Ruiz Construction (“Ruiz”), a
stucco, stone, and masonry work contractor, was hired by SGA to do stucco work
on two houses SGA was building, one at 10 Oak Cove Lane and the other at 30 Oak
Cove Lane.  During the time Ruiz was
working on these two SGA houses, it was doing work at three other projects on
Oak Cove Lane for AGM Homes, and at least one other job in the Huffman
area.  

An issue arose with Ruiz not paying
Morrell for stucco he used at 30 Oak Cove. 
This resulted in Morrell placing a materialman’s lien against the house
at 30 Oak Cove.  On June 6, 2008, SGA
paid Morrell $12,331.05 to obtain a release of that lien.  Because SGA had already paid Ruiz for the
material that was the subject of the lien on 30 Oak Cove, SGA and Ruiz entered
an agreement with regard to 10 Oak Cove under which Ruiz was paid for labor
only, and SGA would only pay him a portion of the cost of his labor until the
$12,331.05 was recouped by SGA. 

As a result of the problems related
to 30 Oak Cove, Scott Griffin, the president of SGA, verbally requested that
Morrell contact him for approval before it gave Ruiz material on credit that
Ruiz claimed were for SGA jobsites. 
Griffin testified that Morrell called him “[t]hree times maybe, less
than five times,” about Ruiz purchasing materials for his jobsites, and then he
stopped receiving calls for the remainder of the time Ruiz continued doing work
for SGA.  SGA later discovered a problem
had arisen again when Morrell again contacted Griffin about materials for which
Ruiz was not paying (about which Morrell had not notified Griffin) and notified
him that Morrell was going to place a lien on 10 Oak Cove.  On May 1, 2008, SGA sent a letter to Morrell claiming
there was no proof that the materials made the subject of Morrell’s claims were
used at SGA job sites and stating that SGA would not take responsibility for
any charges related to its projects unless Morrell obtained written
authorization from SGA in advance.  

Between April 2008 and June 2008,
SGA paid Ruiz a total of $7,500 for labor only. 
SGA terminated Ruiz’s services completely in June 2008, and hired
another contractor, J.J. Plaster, to complete the stucco work at 10 Oak Cove.  Ruiz had done some work preparing the site,
but the bulk of the stucco and labor to install it was provided by J.J.
Plaster.  

On August 12, 2008, Morrell’s attorney
sent SGA a letter notifying it that Ruiz had unpaid invoices for stucco at
SGA’s jobsite at 10 Oak Cove.  That
notice requested payment of $15,451.17 for Ruiz’s unpaid invoices and $350.00
for its Notice of Intent to file a lien on 10 Oak Cove Lane.  On September 4, 2008, Morrell filed its lien
on 10 Oak Cove.  

When SGA failed to pay these
invoices on Ruiz’s behalf, Morrell sued SGA seeing to foreclose its lien on 10
Oak Cove or to recover for unpaid invoices through various theories, including
quantum meruit.  SGA filed an answer
asserting that SGA’s lien was filed untimely and pleading, as affirmative
defenses, accord and satisfaction, estoppel, fraud, failure to mitigate, and
denial of conditions precedent.  SGA also
counterclaimed for breach of contract and attorney’s fees, citing Morrell’s
agreement to not sell product to Ruiz for SGA’s jobs without prior
authorization. 

1.     Trial 


The case was tried to the
bench.  Morrell introduced into evidence numerous
invoices Ruiz had not paid, along with the corresponding delivery tickets,
which each listed “10 Oak Cove Lane” and “GC: Scott Griffin”[1] in the “ship to”
field.    Most of them, however, also
designated the shipping method as “will call.”    Morrell’s office manager, Sonia Barboza,
testified that Ruiz would designate “10 Oak Cove Lane” as the “ship to” address
when placing the order, and that most times someone would then come to
Morrell’s place of business to pick up the order, but other times Morrell would
deliver the order to the jobsite.  She
further testified that it was the practice of Morrell’s customer service
representatives to call the general contractor “every single” time a
subcontractor placed an order to confirm that the materials were for that
particular job.  Later, she testified
that “wouldn’t be probably [sic] every single” time, but the “majority” of
times.  Some of the delivery tickets were
signed by the person picking up or receiving the order; while Ruiz did not sign
for materials, Morrell assumed that whoever signed for the materials was one of
Ruiz’s agents or workers.  None of the
tickets were signed by Griffin or any other SGA employee. 

Griffin testified that, given the
amount of stucco that J.J. Plaster—the company that replaced Ruiz—installed at 10 Oak Cove, it would not have been possible for all of the
unpaid stucco that Ruiz bought from Morrell to go into that project.  He further testified that no stucco was
delivered to 10 Cove Oak while Ruiz was employed on May 1, 2008 to perform
labor only.  Finally, SGA introduced
evidence that its last payment to Ruiz was on June 20. 2008, well before it
received notice from Morrell on August 14, 2008 about Ruiz’s unpaid invoices. 

2.     The trial court’s judgment, findings
of fact, and conclusions of law

The trial court entered judgment
that Morrell take nothing on its lien and awarded SGA attorney’s fees of $7,525.00
plus postjudgment interest.  At the
request of the parties, the court made findings of facts and conclusions of
law.  Among these, the court found that
SGA had sent the letter to Morrell on May 1, 2008 requesting that SGA be notified
of Ruiz’s attempts to charge materials allegedly for SGA jobs, and that SGA’s
vice president followed up with a phone call to Morrell in which Morrell
confirmed that “Morrell agreed not to provide any more material to Ruiz on any
project of SGA without authorization from SGA.”    The court found that, while Morrell called
SGA “a few times in the month of April 2008,” after the May 1, 2008 letter,
“Morrell did not call or contact SGA in advance prior to releasing material to
Ruiz” and this “breached the [a]greement it had with SGA.”  As for attorney’s fees, the court found that
“SGA made demand for attorneys fees which Morrell failed to pay,” and that “SGA
incurred reasonable and necessary attorney’s fees to enforce its agreement with
Morrell in the amount of $7,525.00.”    

In its conclusions of law, the
court concluded Morrell’s lien on 10 Oak Cove was invalid and/or unenforceable
on several grounds.  It held Morrell was
estopped to enforce any liens because it breached the agreement to obtain SGA’s
approval before giving materials to Ruiz for SGA’s jobs on credit, and that
Morrell had failed to mitigate its damages. 
It also held that Morrell had no valid lien for retainage because its
lien was not timely filed, and that Morrell’s August 12, 2008 notice letter was
sent too late to “trap any funds” SGA owed to Ruiz because “Ruiz was terminated
and last paid on June 20, 2008.”  It
further held that Morrell does not have a lien on the property because it did
not prove it had delivered materials to 10 Cove Oak and held that Morrell did
not prove that the materials furnished to Ruiz were delivered to the job site
or to a particular builder (SGA) for a particular construction job (10 Oak
Cove, Humble, Texas).  As for attorney’s
fees, the court’s conclusions state that the “attorneys fees incurred by SGA
are damages awarded to SGA for breach of the Agreement.”  

Morrell timely brought this appeal.


ANALYSIS

1.     Standard of Review

In an appeal of a judgment rendered
after a bench trial, the trial court’s findings of fact have the same weight as
a jury’s verdict, and we review the legal and factual sufficiency of the
evidence to support them as we would review a jury’s findings.  Catalina
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); In re K.R.P., 80 S.W.3d 669, 673 (Tex. App.—Houston [1st Dist.]
2002, pet. denied).  To determine whether
legally sufficient evidence supports a challenged finding, we must consider
evidence that favors the finding if a reasonable fact-finder could consider it,
and we must disregard evidence contrary to the challenged finding unless a
reasonable fact-finder could not disregard it.  See City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  This Court may not sustain a legal
insufficiency, or “no evidence” point unless the record demonstrates (1) a
complete absence of evidence of a vital fact; (2) that the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (3) that the evidence offered to prove a vital fact is no
more than a mere scintilla; or (4) that the evidence conclusively establishes
the opposite of the vital fact. Id.
at 810.  When a party attacks the factual
sufficiency of an adverse finding on an issue on which it has the burden of
proof, it must demonstrate on appeal that the adverse finding is against the
great weight and preponderance of the evidence. Urista v. Bed, Bath, & Beyond, Inc., 245 S.W.3d 591, 601 (Tex. App.—Houston
[1st Dist.] 2007, no pet.)

We review conclusions of law by the
trial court de novo and will uphold them if the judgment can be sustained on
any legal theory supported by the evidence.  In re
Moers, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  The trial court’s conclusions of law are not
subject to challenge for lack of factual sufficiency, but we may review the
legal conclusions drawn from the facts to determine their correctness.  Brown v.
Brown, 236 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.)  We will overrule a challenge to fact findings
that form the basis of a conclusion of law or disposition when the appellant
does not challenge other fact findings that support that conclusion or
disposition. See Britton v. Tex. Dep’t of
Criminal Justice, 95 S.W.3d 676, 682 (Tex. App.—Houston [1st Dist.] 2002,
no pet.).

Statutory construction is a
question of law that the Court also reviews de novo.  In re
Forlenza, 140 S.W.3d 373, 376 (Tex. 2004).  The primary objective in construing any
statute is to determine and give effect to the Legislature’s intent. Warner v. Glass, 135 S.W.3d 681, 683
(Tex. 2004).  We begin with the plain and
common meaning of the statute’s words.  Id.; Tex.
Gov’t Code Ann. § 311.011(a) (Vernon 2005).  “If the meaning of the statutory language is
unambiguous, we adopt . . . the interpretation supported by the plain meaning
of the provision’s words and terms.”  Fitzgerald v. Advanced Spine Fixation Sys.,
Inc., 996 S.W.2d 864, 865 (Tex. 1999); Alex
Sheshunoff Mgmt. Servs., L.P. v. Johnson, 209 S.W.3d 644, 651–52 (Tex. 2006).  

1.     Burden of Proof/materials furnished
for 10 Oak Cove Lane

In its first issue, Morrell argues
that “the trial court erred in improperly shifting the burden of proof to
Morrell, insisting that Morrell prove that the material supplies given to Ruiz
were delivered, used, and signed for by a Scott Griffin employee at 10 Oak Cove
Road for purposes of enforcing the . . . lien. 
From this, it argues that the trial court erred in making its
“Conclusions of Law # 6 and 7 in which it found that Morrell does not have a
lien on the Property because it did not prove it had delivered material to the
Property.”  Finally, Morrell contends
that “there is no evidence and/or insufficient evidence to support Finding of
Fact # 9, which is grounded upon an improper shifting of the burden of proof
upon Morrell.”  

In a related fifth issue, Morrell further
challenges Finding of Fact number 9 on the ground that: “The trial court erred in
finding that [SGA] did not authorize the delivery tickets of material supplies
provided by Morrell: Morrell provided delivery tickets to the Trial Court
demonstrating that [SGA] had authorized the furnishing of material supplies to
its subcontractor.”  

Factual finding number 9 that Morrell
challenges in issues number one and five is as follows:

The invoices and delivery
tickets of Morrell (Plaintiff’s Exhibit 1) did not prove the materials were
actually delivered to the Property.  SGA
did not sign for delivery of the materials to the Property.  The signature on the delivery tickets were
not authorized by SGA or any person employed by or known by SGA.  There was no evidence who put signatures on
any delivery tickets.

 

Legal Conclusion numbers 6 and 7
that Morrell challenges in issue number one is as follows:

Morrell does not have a lien
on the Property because it did not prove it had delivered material to the
Property.

 

Because Ruiz was working on
five construction projects simultaneously, and as a matter of law there is no
conclusive proof the materials furnished to Ruiz were delivered to the job site
or to a particular builder (SGA) for a particular construction job (10 Oak
Cove, Humble, Texas).

 

Morrell cites Lexcon, Inc. v. Gray, 740 S.W.2d 83 (Tex. App.—Dallas 1987, no
writ) as the “main Texas case on point” to support its argument that the “trial
court has improperly reversed about 100 years of well established Texas law on
this point and improperly shifted the materialman’s burden of proof.”  Under Lexcon,
Morrell argues, it “need not prove that the materials furnished actually went
into the construction.”  Rather, Morrell
asserts, it is sufficient to prove “either (1) delivery of the goods to the
construction site or (2) that he furnished the goods to the builder for a
specific job.”  See also Houston Fire & Cas. Ins. Co. v. Hales, 279 S.W.2d 389,
392 (Tex. Civ. App.—Eastland 1955, writ ref’d n.r.e.) (“[O]ur Supreme Court . .
. has held that where a materialman furnishes materials to a builder for a
specific construction job it is not required in order to establish a lien that
the material should actually enter into the construction; that the lien cannot
be defeated in such cases by proof that a part of the material was used for
other jobs.”).    

According to Morrell, what it “was
required to prove per Lexcon, and did prove . . . is that it gave
materials to the builder (Ruiz) for use at the 10 Oak Cove Road construction
project.”  Thus, Morrell concludes, the
trial court’s improperly shifting the burden of proof resulted in erroneous and
unsupported finding of fact number 9 and conclusions of law numbers 6 and 7.  Further, Morrell contends, Ruiz was SGA’s
agent—either
actual or apparent—such that the trial court erred making finding of fact number
9 “that the signatures on the Morrell’s delivery tickets were not authorized by
[SGA] or any person employed by” SGA. 

In response, SGA argues that Morrell failed to meet its
burden under Lexicon, which “noted
that while proof that the materials actually goes into the construction project
is not a requirement to establish a lien, it is a specific requirement that the
materials be delivered to a particular job site or to a particular builder for
use at a job site owned by such builder.”  SGA points out that the facts presented in Lexicon did not involve “alternate job
sites where the materials could have been used by the contractor.”  

Chapter 53 of the Texas Property Code specifies who is
entitled to a materialman’s lien on property.

§ 53.021.    Persons Entitled to a Lien

(a)  A person has a lien if:

(1)  The person labors, specifically fabricates material,
or furnishes labor or materials for construction or repair in this state of:

(A)A house building or improvement;

. . . . and

(2)  the person labors, specifically fabricates the
material, or furnishes the labor or materials under or by virtue of a contract
with the owner or the owner’s agent, trustee, receiver, contractor, or
subcontractor.

Tex. Prop. Code Ann. § 53.021 (Vernon 2007).

We disagree with Morrell that the trial court improperly
placed the burden on Morrell to establish its entitlement to a lien.  Lexcon,
the case upon which Morrell relies, recognizes the burden is on the
“matererialman [to] prove[] delivery of the goods to the construction site or
that he furnished the goods to the builder for a specific job.”  740 S.W.2d at 85.  In Lexcon,
the trial court—without making specific findings of fact or conclusions of
law—held
that a roofing supply company was entitled to a $3,358.99 lien on a recently
constructed hotel based upon unpaid bills by a roofing subcontractor for the
builder of the hotel.  Id. at 85.  In reviewing the trial court’s implied
findings in support of the judgment, the court explained “there need only be
evidence sufficient to support a finding that [the roofing supply company]
furnished $3,358.99 of materials for the construction of the [hotel] and for
which [it] has not been paid.”  Id. at 86.  In concluding that “there is some evidence to
support a finding that the materials furnished by [the roofing supply company]
were furnished for the construction of” the hotel, the court had before it $16,035.28
in “invoices . . . placed in evidence to support the deliveries of materials to
the job site.”  Id. at 85.  The Dallas court
of appeals concluded that the trial court did not err in holding the owner of
the hotel liable for the materials “sold by” the roofing supply company “and
delivered to” the hotel job site.  Id. at 86. 

The posture of this case is different.  Here, the question is whether “some evidence”
supports the trial court’s conclusion that Morrell was not entitled to a lien because Morrell did not establish that (1)
materials were delivered to 10 Oak Cove or (2) materials were furnished for use
in the job at 10 Oak Cove.  We hold there
is some evidence to support the trial court’s findings and conclusions.  Morrell relied upon its invoices, delivery
tickets, and the testimony of one witness, its office manager, Barboza.  Of the
approximately 45 delivery tickets for “Ruiz Construction” that list the address
as “10 Oak Cove Lane” and the general contractor as “Scott Griffin” in the “ship
to” field, most designate “will call” as the shipment method.  Several do not have any signature for
“received by,” many have illegible signatures or markings, and Barboza could
not identify any of the signatures as being related to Ruiz or SGA, other than
to “assume” they were.  While Barboza
testified that customer service representatives confirmed by phone with SGA
that the materials were for 10 Cove Oak a “majority” of the time, Griffin
testified that he only received calls between three and five times, and only
two of the delivery tickets contain any indication SGA was contacted with the
notation on one that “Scott authorized via phone” and another “Scott
approved.”  

We do not hold that delivery
tickets and invoices indicating materials were for a particular job site is not
some evidence to support a lien.  But
such evidence is not conclusive in the face of contradicting evidence.  Here the trial court was presented with
evidence casting real doubt about where the material went, as well as testimony
that Morrell was on notice of SGA’s contention that Ruiz was erroneously
designating SGA job sites and that Morrell had agreed not to accept Ruiz’s word
that materials were to be used at an SGA site without verifying that fact with
SGA.  In light of this evidence, some
evidence supports the trial court’s conclusion that Morrell had not carried its
burden of establishing it was entitled to a lien on 10 Oak Cove Lane based upon
Ruiz’s unpaid invoices.  We overrule
Morrell’s issues one and five.

2.    
Morrell’s
additional challenges to the court’s findings and conclusions.

 

In issue two, Morrell argues that
the “trial court erred in failing to grant Morrell’s mechanic’s lien” because
“Morrell proved that it had timely forwarded the Notice of Claim letter and
timely filed its Mechanic’s Lien against the 10 Oak Cover Road property for
purposes of both Fund Trapping/Garnishment and Retainage.”  In issue three, Morrell argues that the
“trial court erred in accepting Scott Griffins’ Representation about some form
of ‘8-1-08’ notice,” because there is insufficient evidence that Morrell
received and accepted that agreement or that SGA could “opt out” of Chapter
53.  In issue four, Morrell argues that
there is insufficient evidence that Morrell had an internal policy requiring it
to contact SGA when Ruiz purchased materials for 10 Oak Cove and that the court
erred “in finding that Morrell did not call or contact” SGA “prior to releasing
material” to Ruiz.  Relatedly, in issue
six Morrell contends that SGA presented “insufficient evidence to create a
binding contract” between Morrell and SGA. 
In issue seven, it challenges the trial court’s finding that its lien
affidavit did not include materials supplied in April 2008.  In issue nine, it argues the “trial court
erred in concluding that Morrell filed its lien too late.”  

 Because we hold that the trial court properly
concluded that Morrell had not met its threshold burden to establish it was a
“person entitled to [a] lien” under section 53.021 of the Texas Property Code, we
need not reach these additional grounds challenging the trial court’s alternative
bases for concluding Morrell’s lien is invalid and/or unenforceable.   

3.    
Attorney’s Fees Award    

In issue eight, Morrell argues that “the trial court erred
when it found that the Attorney’s Fees incurred by [SGA] are damages awarded to
[SGA] for breach of the Agreement.”  Specifically,
it contends that if SGA’s “only damages are attorney’s fees expended in
defending themselves from Morrell’s claim, then [SGA] has no ‘damages’ for
purposes of an award of Attorney’s fees for a breach of contract action.”  This is because, Morrell asserts, section
38.001 of the Texas Civil Practice and Remedies Code—which allows the recovery of attorney’s
fees in a breach of contract case—requires the party recover actual
damages to be entitled to attorney’s fees. 
See MGM Fin. Corp. v. Woodlands
Operating Co., L.P., 292 S.W.3d 660, 666 (Tex. 2009).

Without citation to authority, SGA responds that it is
entitled to “damages incurred by SGA as a consequence of the breach of the
agreement SGA had with Morrell,” i.e., “the costs and attorney’s fees SGA had
to expend to defend the lawsuit.” 
Alternatively, SGA contends the trial court’s award of attorney’s fees
are proper under section 53.156 of the Texas Property Code, which permits an
award of “equitable and just” attorney’s fees “in any proceeding to declare
that any lien or claim is invalid or unenforceable in whole or in part.”  Tex.
Prop. Code Ann. 
§ 53.156
(Vernon 2007).  Finally, SGA notes that,
in an action for promissory estoppel, a plaintiff may recover attorney’s
fees.  See Traco, Inc. v. Arrow Glass Co., 814 S.W.2d 186, 193 (Tex.
App.—San Antonio 1991, writ denied).

We agree with Morrell that section 38.001 of the Texas Civil
Practice and Remedies Code, the trial court’s cited basis for its award of
attorney’s fees, does not authorize an award of attorney’s fees to SGA in this
case.  The trial court found that Morrell
breached its agreement with SGA that Morrell would obtain approval from SGA
before releasing materials to Ruiz for use at SGA jobsites on credit to
Ruiz.  This formed the basis of the trial
court’s finding that Morrell was estopped from enforcing any lien, and the basis
for the trial court’s holding that SGA prevailed on its counterclaim for breach
of contract.  But section 38.001 requires
more than a party prevail on a breach of contract claim; that party must also
recover actual damages for that breach.  Mustang Pipeline Co. v. Driver Pipeline Co.,
134 S.W.3d 195, 201 (Tex. 2004) (per curiam) (noting that even though claimant
had valid claim, it “was not entitled to recover attorney’s fees because it was
not awarded damages on its breach of contract claim”); Cytogenix, Inc. v. Waldroff, 213 S.W.3d 479, 489 (Tex. App.—Houston
[1st Dist.] 2006, pet. denied) (“As the Texas Supreme Court has clarified,
however, section 38.001(8) requires that a party recover actual damages to be
entitled to an award of attorney’s fees.”).

We likewise reject SGA’s argument that the availability of
attorney’s fees in a promissory estoppel case can support the trial court’s
award.  While SGA did plead estoppel as
an affirmative defense to the enforceability of Morrell’s lien, no promissory
estoppel claim is at issue in this case. 


We hold, however, that the trial court’s attorney’s fee award
can be affirmed under section 53.156 of the Texas Property Code.  In its petition, Morrell requested it be
awarded “reasonable attorney’s fees under provisions of Chapter 53, Section
53.156 of the Texas Property Code.”  In
its answer, SGA asserted a counterclaim for breach of contract and sought to
“recover reasonable and necessary attorney fees under § 38.001 of the Texas Civil Practices
and Remedies Code.”  The trial court made
factual findings that “Morrell breached the Agreement it had with SGA,” and
that “SGA made demand for attorneys fees which Morrell failed to pay.”  It further found that “SGA incurred
reasonable and necessary attorney’s fees to enforce its agreement with Morrell
in the amount of $7,525.00.”  In its
conclusions of law, the court stated that “the attorneys fees incurred by SGA
are damages awarded to SGA for breach of the Agreement.”  

Attorney’s fees may not be recovered unless provided for by
statute or by contract between the parties. 
Dallas Cent. Appraisal Dist. v.
Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992).  “Absent a mandatory statute, a trial court’s
jurisdiction to render a judgment for attorney’s fees must be invoked by pleadings,
and a judgment not supported by pleadings requesting an award of attorney’s
fees is a nullity.”  Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd., 287 S.W.3d
877, 884 (Tex. App.—Dallas 2009, no pet.). 
   

“The office of pleadings is to define the issues at trial,
and to give the opposing party information sufficient to enable him to prepare
a defense.” Id. (quoting State v. Estate of Brown, 802 S.W.2d
898, 900 (Tex. App.—San Antonio 1991, no pet.)).  “Texas follows a ‘fair notice’ standard for
pleading, in which courts assess the sufficiency of pleadings by determining
whether an opposing party can ascertain from the pleading the nature, basic
issues, and the type of evidence that might be relevant to the controversy.”  Id.
(quoting Low v. Henry, 221 S.W.3d
609, 612 (Tex. 2007)); see also Tex. R. Civ. P. 47.  “[I]n passing on the sufficiency of a
pleading, all allegations in the adversary’s pleading may be considered, and
any omission in the pleading is cured when the omission is supplied by the opponent’s
pleading.”  See Alan Reuber Chevrolet, Inc., 287 S.W.3d at 884.

The Fourteenth Court of Appeals has held that a party’s
pleading facts that entitle it to attorney’s fees under a particular statute
and a general request for attorney’s fees can support an award of attorney’s
fees under a different, unpleaded statute:

Appellees respond that the Owners
never raised the applicability of Property Code section 5.006(a) before the
trial court, thus waiving the issue for appeal. 
However, if a party pleads facts which, if true, entitle him to the
relief sought, he need not specifically plead the applicable statute in order
to recover under it. Further, “pleading an incorrect or inapplicable theory or
statute, as was done here, does not preclude an award.”  The Owners’ petition includes a detailed
recitation of the declaration’s restrictions and of Appellees’ breach of those
restrictions.  Although the petition
seeks attorneys’ fees under the Declaratory Judgment Act or the Uniform
Condominium Act, it also includes a general prayer for attorney’s fees.  We find that the pleadings suffice to recover
attorney’s fees.

 

Mitchell v. LaFlamme, 60 S.W.3d 123, 130 (Tex.
App.—Houston [14th Dist.] 2000, no pet.) (citations omitted); see also Alford v. Marino, No. 14-04-00912-CV,
2005 WL 3310114, at *8–9 (Tex. App.—Houston [14th Dist.] Dec. 8, 2005, no pet.)
(mem. op.) (party who pleaded and argued at trial for attorney’s fees under
section 38.001 of the Texas Civil Practice and Remedies Code was entitled to
attorney’s fees under unpleaded Probate Code section because she pleaded facts
that, if true, entitled her to the relief sought); Alan Reuber Chevrolet, Inc., 287 S.W.3d at 886–87 (party’s  general prayer for attorney’s fees in answer
could support attorney’s fees award under provision of contract, in part
because opposing party sought and specifically pleaded for attorney’s fees
under specific contract provisions, so opposing party was on notice through its
own pleading that attorney’s fees under contract was at issue).  But see
Janicek v. 2016 Main Owners Ass’n, No. 01-96-00599-CV, 1997 WL 414951, at
*5 (Tex. App.—Houston [1st Dist.] July 24, 1997, no pet.) (not designated for
publication) (holding attorney’s fees award could not be supported by
Declaratory Judgment Act, both because the party only pleaded for contract and
Probate Code attorney’s fees, and because the party’s requested declaratory
relief was moot so there was “no bona fide controversy for the court to decide
under the declaratory relief claim”).

“We review conclusions of law de novo to determine whether
they are correct.” City of Houston v.
Cotton, 171 S.W.3d 541, 546 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied).  While the trial court’s
conclusions of law specify that the attorney’s fees it awarded are for “breach
of the Agreement,” we are not limited to the trial court’s conclusions of
law.  Rather, we may affirm if “the
controlling findings of fact support the judgment under a correct legal
theory.”  Id.   

Here, the plaintiff Morrell first requested attorney’s fees
under section 53.156 of the Texas Property Code, permitting attorney’s fees “in
any proceeding to declare that any lien or claim is invalid or unenforceable in
whole or in part.”  In response, SGA
requested attorney’s fees under the Texas Civil Practice and Remedies Code for
Morrell’s breach of its agreement with Morrell. 
The theory tried to the court was, in large part, that Morrell’s breach
of that agreement should render any lien invalid or unenforceable.  

Under these circumstances in which SGA pleaded facts
entitling it to the relief sought and when Morrell cannot claim—based on its own pleadings seeking
attorney’s fees under section 53.156—to be surprised, we hold that the
trial court’s award of attorney’s fees can be supported by section 53.156.  Morrell does not challenge the trial court’s
finding that the amounts awarded are reasonable and necessary.  We overrule Morrell’s eighth issue.

CONCLUSION

We affirm the trial court’s judgment.

 

 

 
 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Wilson.[2]

 











[1]           Morrell uses the abbreviation “GC” to
connote “general contractor.”  





[2]
          The Honorable Randy Wilson,
156th District Court of Harris County, Texas, participating by assignment.