**Affirmed in part, Reversed in part, Remanded, and Memorandum Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00684-CV

---

### MORRELL MASONRY SUPPLY, INC., Appellant

### V.

### BRICKLAND HOMES, INC., Appellee

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2010-76531**

---

## M E M O R A N D U M   O P I N I O N

Appellant Morrell Masonry Supply, Inc. (the Supplier) argues that the trial court erred by excluding certain summary judgment evidence. The Supplier contends this evidence creates a fact issue regarding whether it is entitled to a mechanic's lien because it "furnished materials" to appellee, Brickland Homes, Inc. (the Owner). We agree that an affidavit from the Supplier's office manager creates a fact issue, and the Owner does not argue otherwise. We also conclude

that the Owner failed to preserve its formal objection to this affidavit. We therefore reverse the summary judgment against the Supplier in part.

On appeal, the Supplier assigns error only to the exclusion of the evidence discussed above. This evidence is irrelevant, however, to three grounds for partial summary judgment that the Owner raised in the trial court. These grounds relied not upon the failure to furnish materials, but upon the Supplier's failure to comply with statutory materialman's lien requirements as to certain materials, and on the absence of certain elements necessary to the Supplier's other claims. Because the Supplier does not assign error to these partial summary judgment grounds, we affirm the summary judgment in part.

## BACKGROUND

The Supplier alleges that it furnished materials in July, August, and September 2010 for the construction of a house that the Owner was building. The Supplier contends that neither the Owner nor the mason who did the work paid a $1,973.24 balance owed for the materials. The Supplier later claimed a materialman's lien for the unpaid balance. *See* Tex. Prop. Code. Ann. ch. 53 (West 2007 & Supp. 2012). This action began when the Supplier sued to foreclose its lien and to recover damages under theories of quantum meruit and misapplication of construction trust funds.

Both parties moved for summary judgment. The Supplier argued its materialman's lien entitled it to summary judgment, but it did not request summary judgment on its other causes of action. The Owner filed a "Cross-Motion for Partial Summary Judgment" that attacked each of the Supplier's causes of action on distinct bases. As to the lien-foreclosure cause of action, the Owner argued that one of the Supplier's statutorily required notices was untimely and therefore failed to perfect a lien for materials supplied in July. As to the August and September

2

materials, the Owner argued that the Supplier produced no evidence that it "furnishe[d] . . . materials" entitling it to a statutory lien during those months. *See* Tex. Prop. Code Ann. § 53.021(a)(1).

Additional summary judgment filings followed, addressing whether the Supplier furnished materials to the Owner. The Supplier argued that an affidavit from its office manager with attached invoices (collectively, the office manager's affidavit) proved that it furnished materials. The Owner objected to the office manager's affidavit, asserting that it was not based upon personal knowledge.

The Owner submitted summary judgment affidavits from its president, a construction superintendent, and an employee; the three swore that the mason completed his work before the August and September materials were allegedly supplied. The employee stated that "many of the invoices [reflecting materials furnished to the construction site] did not have anything to do with the [house] as they had been generated after [the mason] had completed its work." The Supplier responded with an affidavit from the mason himself, who averred that "[a]ll of the[ ] materials were incorporated into [the Owner's] property."

The trial court granted the Owner summary judgment and "dismiss[ed] all of [the Supplier's] claims." Although the trial court did not expressly state whether it considered the mason's affidavit, on appeal, the parties agree that the trial court disregarded the affidavit as untimely filed. The trial court did not rule upon the Owner's personal-knowledge objection to the office manger's affidavit. This appeal followed.

## ANALYSIS

On appeal, the Supplier assigns error only to the exclusion of the office manager's affidavit and the mason's affidavit.[1] As we explain below, while this evidence creates a fact issue as to whether the Supplier furnished material to the Owner's property, the evidence is irrelevant to other partial summary judgment grounds that the Owner raised in the trial court. Because the Supplier does not assign error to those portions of the summary judgment, we do not disturb them.

As to the errors the Supplier has assigned, in its first and second issues on appeal, the Supplier maintains that the trial court erred by excluding the mason's affidavit as untimely. In its third issue, the Supplier argues that the Owner waived its personal-knowledge objection to the office manager's affidavit by failing to obtain a ruling in the trial court. According to the Supplier, these improperly excluded materials create a fact issue regarding whether it furnished materials entitling it to a materialman's lien in August and September.

We agree that the Owner waived its objection to the office manager's affidavit and conclude that the affidavit creates a fact issue as to whether materials were furnished. We therefore reverse the summary judgment dismissing the Supplier's August and September materialman's lien claims. Because the office manager's affidavit creates a fact issue as to whether materials were furnished, we do not address whether the mason's affidavit also creates a fact issue.[2]

---

[1] The Supplier's fourth and fifth issues assign error to the trial court's award of attorney's fees. Because we reverse the summary judgment as to the August and September materialman's liens, we remand the issue of attorney's fees. *See Barker v. Eckman*, 213 S.W.3d 306, 314 (Tex. 2006); *Bluelinx Corp. v. Texas Const. Sys., Inc.*, 363 S.W.3d 623, 630 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (when damages award reduced, remand for new trial on attorney's fees proper).

[2] The Supplier does not argue that either the office manager's affidavit or the mason's affidavit entitles it to rendition of summary judgment in its favor, and we conclude that neither

## I.     Standard of review

The Owner moved for both no-evidence and traditional summary judgment. *See* Tex. R. Civ. P. 166a(c), (i).  To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 654 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense.  *Goss*, 252 S.W.3d at 654.  When we review a summary judgment, we take as true all evidence favorable to the non-movant; we also indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Id.*

As to a no-evidence summary judgment motion, the movant must state the specific elements of a cause of action for which there is no evidence.  *Id.*  If the movant has identified specific elements he claims lack evidence, we must then determine de novo whether the non-movant has produced more than a scintilla of probative evidence to raise a genuine issue of material fact.  *Id.*  When, as here, the trial court does not specify the grounds it relied upon in granting the motion, we will affirm if any of the grounds are meritorious. *Oliphint v. Richards,* 167 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  We review a trial court's decision to exclude or admit summary judgment evidence for an abuse of discretion.  *Pipkin v. Kroger Texas, L.P.*, 383 S.W.3d 655, 667 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

---

does so.  The affidavits conflict with those submitted by the Owner, which state that some of the materials "did not have anything to do with the Residence."  This conflicting evidence precludes summary judgment for either party as to the August and September materials.

5

**II. Because the Supplier only assigns error to part of the trial court's summary judgment, we affirm the unchallenged portions of the judgment.**

On appeal, the Supplier argues only that the trial court erred by excluding summary judgment evidence establishing that it furnished materials to the Owner. But the Owner raised additional summary judgment grounds that did not depend upon the Supplier's failure to provide materials. Specifically, the Owner argued that the Supplier's quantum meruit claim failed because there was no evidence that the Owner knew that the Supplier expected it to pay for the materials. *See Weaver v. Jamar*, 383 S.W.3d 805, 811 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quantum meruit available when, among other things, "circumstances . . . reasonably notified the person sought to be charged that the plaintiff . . . expect[ed] to be paid by the person sought to be charged."). The Owner also argued that the Supplier's claim for misapplication of construction trust funds failed because, among other things, the Owner did not divert construction trust funds but properly paid the mason. Finally, the Owner argued that the Supplier failed to perfect a materialman's lien for materials allegedly supplied in July because a statutorily required notice was untimely as to the July materials. *See generally* Tex. Prop. Code Ann. § 53.051–53.058.

The Supplier does not argue on appeal that the excluded summary judgment evidence is relevant to these other summary judgment grounds. Nor do we see any way that it could be. Thus, the Supplier's evidentiary issues on appeal do not affect the trial court's grant of summary judgment against the non-lien claims. These issues also fail to address the Owner's alternative basis for summary judgment against the Supplier's lien claim for the July materials, i.e., the untimely notice.

6

"Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Britton v. Texas Dept. of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Failure to do so requires us to affirm the trial court's ruling. *Id*. Here, the Supplier's appellate brief attacks only the exclusion of evidence that is irrelevant to several aspects of the trial court's summary judgment. Thus, the Supplier has not assigned error to the summary judgment against its quantum meruit or construction-trust-fund claims. It also failed to assign error to the alternative basis for summary judgment against its lien claim for the July materials. We therefore affirm the trial court's summary judgment against these claims and turn to the Supplier's issue regarding the August and September lien claims.

### III. The Owner waived its objection to the office manager's affidavit, so we reverse the summary judgment against the August and September lien claims.

To obtain a materialman's lien, the Supplier had to "furnish[ ] . . . materials for construction." *See* Tex. Prop. Code Ann. § 53.021(a)(1). The Supplier contends that the office manager's affidavit creates a fact issue as to whether it furnished materials, and the trial court therefore erred by granting summary judgment. The office manager's affidavit states that "[t]he total unpaid balance of *material supplied to* [*the Owner's*] *Property* located at [the address of the work site] is $1,973.24." (emphasis added). Attached to the affidavit are invoices with "Ship to" addresses that correspond to the work site.

We agree that this affidavit creates a fact issue as to whether the Supplier furnished materials. *See Lexcon, Inc. v. Gray*, 740 S.W.2d 83, 85 (Tex. App.—Dallas 1987, no writ) (invoices supporting delivery of materials were some evidence materials were furnished). The Owner does not argue otherwise, but contends that the trial court properly granted summary judgment against the

Supplier's lien claims because the office manager's affidavit was not based on personal knowledge.

The Owner failed to obtain a ruling on its personal-knowledge objection in the trial court, however, and such a failure generally prevents review of evidentiary rulings. *See* Tex. R. App. P. 33.1(a)(2) (preservation of error requires that record show the trial court either "ruled on the . . . objection" or refused to do so); *Choice v. Gibbs*, 222 S.W.3d 832, 838 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also* Tex. R. Civ. P. 166a(f) ("Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection . . . with opportunity, but refusal, to amend."). The Owner nonetheless argues that the lack of personal knowledge is a substantive challenge to the Supplier's summary judgment evidence. As a result, according to the Owner, it was not required to obtain a ruling to preserve its objection. *See Harley-Davidson Motor Co., Inc. v. Young*, 720 S.W.2d 211, 213 (Tex. App.—Houston [14th Dist.] 1986, no writ).

This court, sitting en banc, recently held that lack of personal knowledge is a defect of form, not of substance. *Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 735–36 (Tex. App.—Houston [14th Dist.] 2013, Rule 53.7(f) mot. granted) (en banc). Thus, to preserve its objection, the Owner had to obtaining a ruling, and its failure to do so waived the objection. *See id.* at 736. Because the office manager's affidavit raises a fact question regarding whether the Supplier furnished materials entitling it to a materialman's lien, we reverse the trial court's grant of summary judgment against the Supplier's August and September materialman's lien claims.

## CONCLUSION

The Supplier has not assigned error to the alternative ground for summary judgment against its materialman's lien claim for the July materials, or to the

grounds for summary judgment against its quantum meruit and misapplication-of-construction-trust-fund claims. Accordingly, we affirm the trial court's judgment as to those claims. But there is evidence creating a fact issue regarding whether the Supplier furnished materials to the Owner in August and September, so the trial court erred by granting summary judgment against the Supplier's August and September lien claims. We reverse the judgment as to those claims, reverse the award of attorneys' fees, and remand the case for further proceedings.

/s/     J. Brett Busby
        Justice

Panel consists of Justices Boyce, Jamison, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).