United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No.  00-2856

_____

Carolyn Kenney,                      *
                                     *
                Appellant            *
                                     *
                                     *
                                     *   Appeal from the United States
        v.                           *   District Court for the
                                     *   Western District of Missouri
Scripps Howard Broadcasting          *
Company, d/b/a KSHB-TV41,            *
                                     *
                Appellee             *

_____

Submitted : May 17, 2001

Filed:    August 3, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and BARNES,[1]
District Judge

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District
of Arkansas, sitting by designation.

BARNES, District Judge.

Appellant appeals the district court's[2] grant of Defendant's motion for summary judgment on her claim of defamation. We affirm the district court's decision based solely on the Missouri fair report privilege.

I.

Appellant is the grandmother of minor Lauren Kenney and the mother of Chris Kenney, Lauren's father. Chris Kenney and Lauren's mother, Angela Miles, had never been married and had never sought a custody order regarding Lauren. In an effort to keep his daughter Lauren in Missouri over Labor Day weekend, until a custody hearing would be held on the following Tuesday, Chris Kenney and Appellant took Lauren to a Missouri resort area. Meanwhile, Lauren's mother, Angela Miles, planned to take Lauren to Georgia for an indefinite period of time. When Appellant and Chris Kenney did not return Lauren during the weekend, Angela Miles reported the child missing or kidnaped. The Kansas City Police Department issued a pick-up order for area law enforcement units and a missing person report, which indicated that the child was thought to be kidnaped by a parent or relative and was last seen with Appellant. Officers in the Kansas City Police Department also completed an Investigative Report, which stated that Chris Kenney told Miles that he had Lauren and would return her at the custody hearing, but would not disclose their location.

Ms. Miles brought the situation to the attention of a Scripps-Howard affiliate, KSHB-TV41 in Kansas City. After reviewing copies of the police records provided by Miles, the station broadcast this report: "Police are on the lookout for a 16 month-old girl who may have been abducted by a parent or relative. Sixteen-month-old Lauren Kenney is pictured here with her mother. The child was last seen Friday

---

[2]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, sitting with the consent of the parties pursuant to 28 U.S.C. § 636(c).

afternoon when she left her house with her paternal grandmother Carolyn Kenney. Family members believe the girl's father and grandmother are now with her at an unknown location." Defendant also broadcast a photo of Appellant during this narrative.

Appellant sued Scripps-Howard Broadcasting Company and KSHB-TV41 for defamation. The district court granted Defendant's motion for summary judgment and held that the broadcast was substantially true and not defamatory, and that the broadcast was also protected by the Missouri fair report privilege.

## II.

Reports of legislative, judicial or executive proceedings and the statements made therein, are subject to a qualified privilege. Spradlin's Market, Inc. v. Springfield Newspapers, Inc., 398 S.W.2d 859, 864 (Mo.1966). The fair report privilege, adopted by the Missouri Court of Appeals in Shafer v. Lamar Publishing Co., 621 S.W.2d 709, 711 (Mo.App.1981), is set out in Restatement (Second) of Torts § 611 (1976): "The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgment of the occurrences reported." The question of the existence of a qualified privilege is a question of law for the court and is particularly appropriate for resolution on a motion for summary judgment. Erickson v. Pulitzer Pub. Co., 797 S.W.2d 853, 857 (Mo.App. 1990).

This privilege can only be overcome if the matters published were not a "fair and accurate" report or abridgement of such proceedings. Shafer v. Lamar Publishing Co., 621 S.W.2d 709, 713 (Mo.App.1981). The privilege is limited to those matters of public concern which are stated in a report of an official action or proceeding or a meeting open to the public. Englezos v. The Newspress and Gazette Company, 980 S.W.2d 25, 32 (Mo.App.1998). The Missouri Court of Appeals has held that police

reports are reports of an official action subject to the fair report privilege. Erickson v. Pulitzer Publ'g Co., 797 S.W.2d 853, 857 (Mo.App.1990); Biermann v. Pulitzer Publ'g Co., 627 S.W.2d 87,88 (Mo.App.1981).

Noting that the welfare and possible abduction of a child is a matter of public interest, we must decide whether the broadcast at issue was a fair and accurate report of the police reports produced by the Kansas City Police Department. The pick-up order and missing person report support Defendant's statement that "police are on the lookout" for Lauren. A box was checked on the missing person report which indicated that police believe that she may have been abducted by a parent or relative. The notes section of the Investigation Report explains that Lauren was last seen with Appellant and that Miles believed she was with Appellant and Chris Kenney at an unknown location. We find that the broadcast was at least a fair abridgement of the information contained in the official police documents produced regarding Lauren Kenney. Therefore, Defendant's broadcast is shielded by the fair report privilege adopted by the state courts of Missouri. We affirm the district court's grant of summary in favor of the Defendant on this basis without reaching the substantive defamation arguments.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.