**Randolph GOSS, Appellant**

v.

**HOUSTON COMMUNITY NEWS-PAPERS and Sarah Mertins, Appellees.**

No. 14–06–00719–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 2008.

David A. Livingston and Heather N. Gordon, Humble, for appellant.

James Michael McCown, Dallas, for appellees.

Panel consists of Justices YATES, FOWLER, and GUZMAN.

## OPINION

LESLIE B. YATES, Justice.

Appellant Randolph Goss appeals from the trial court's order granting summary judgment in favor of appellees Houston Community Newspapers and Sarah Mertins. We affirm.

### BACKGROUND

In August 2004, the *Kingwood Observer*, a community newspaper owned by Houston Community Newspapers, ran a story written by Sarah Mertins based on a news release from the Harris County Sheriff's Department. The story, entitled "Drag racers arrested by deputy," stated that Goss and another man had been arrested after a Harris County Sheriff's Deputy observed that their vehicles appeared to be racing. The story further reported that appellant was placed into custody for possession of a controlled substance while the other man was charged with racing on a highway. Goss denies that he was drag racing, and he claims that he had a prescription for the controlled substance the deputy found. Goss was never charged with drag racing, and the controlled substance charge was later dismissed.

Goss sued appellees for libel,[1] arguing that the information they printed was false and defamatory and that they should have conducted an independent investigation to reveal all the facts rather than relying on a police news release. Appellees moved for summary judgment in two separate motions, one traditional and the other no evidence, on the grounds that the story was true and not capable of a defamatory

meaning, they were not negligent in publishing the story, and they are protected by both statutory and common law privileges. The trial court granted both motions without specifying the grounds. This appeal followed.

### ANALYSIS

Appellees moved for summary judgment on both traditional and no evidence grounds. *See* TEX.R. CIV. P. 166a(c), 166a(i). To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Shirvanian v. DeFrates*, 161 S.W.3d 102, 106 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). When we review a summary judgment, we take as true all evidence favorable to the non-movant; we also indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Grant*, 73 S.W.3d at 215. As to a no evidence summary judgment motion, the movant must state the specific elements of a cause of action for which there is no evidence. *Cuyler v. Minns*, 60 S.W.3d 209, 212 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). If the movant has identified specific elements he claims lack evidence, we must then determine de novo whether the non-movant has produced more than a scintilla of probative evidence to raise a genuine issue of material fact. *Allen v. Connolly*, 158

---

1. Goss also sued for negligence and intentional infliction of emotional distress, but Goss

has not challenged the trial court's summary judgment as to these claims.

S.W.3d 61, 64 (Tex.App.-Houston [14th Dist.] 2005, no pet.). When, as here, the trial court does not specify the grounds it relied upon in granting the motion, we will affirm if any of the grounds are meritorious. *Oliphint v. Richards*, 167 S.W.3d 513, 516 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).

Appellees argue that summary judgment must be affirmed without examining the merits because, according to appellees, Goss's brief fails to challenge all grounds asserted in the traditional summary judgment motion and does not mention the no evidence motion at all. *See de Laurentis v. United Servs. Auto. Ass'n*, 162 S.W.3d 714, 726 (Tex.App.-Houston [14th Dist.] 2005, pets. denied) (stating that when appellant failed to negate a summary judgment ground on appeal, court could affirm on that basis alone). Although the statement of issues mentions only statutory privileges and refers only to the summary judgment motion, which was a traditional motion, and not the supplemental motion, which was a no evidence motion, the arguments made under those issues in the brief at least minimally cover all grounds asserted in both motions. Thus, we will consider the merits. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 863 (Tex.2005) (finding appellate court erred in refusing to consider issue referenced in body of argument, even though wording of the issues did not include it).

▪ In his first two issues, Goss asserts the trial court erred in granting summary judgment. Appellees argue that summary judgment was proper based, in part, on the common law fair reporting privilege. When, as here, the relevant facts are not disputed and the language is not ambiguous, the question of privilege is a matter of law for the court to decide. *See Dixon v. Sw. Bell Tel. Co.*, 607 S.W.2d 240, 241 (Tex.1980); *Richard Rosen, Inc. v. Mendivil*, 225 S.W.3d 181, 195 (Tex.

App.-El Paso 2005, pet. denied). Section 611 of the Restatement (Second) of Torts provides that "[t]he publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgment of the occurrence reported." *Freedom Commc'ns, Inc. v. Sotelo*, No. 11–05–00336–CV, 2006 WL 1644602, at *3 (Tex.App.-Eastland June 15, 2006, no pet.) (mem. op.); RESTATEMENT (SECOND) OF TORTS § 611 (1977). Official statements from law enforcement, including press releases, trigger application of the privilege. *See Yohe v. Nugent*, 321 F.3d 35, 38–39 (1st Cir.2003) (official statement from police chief); *Kenney v. Scripps Howard Broad. Co.*, 259 F.3d 922, 924 (8th Cir. 2001) (pick-up order, missing person report, investigative report); *Sotelo*, 2006 WL 1644602, at *1 (press release); *Steer v. Lexleon, Inc.*, 58 Md.App. 199, 472 A.2d 1021, 1022 (1984) (press release); RESTATEMENT (SECOND) OF TORTS § 611 cmt. h (arrest report). So long as the publication fairly and accurately reports the contents of the law enforcement statement without embellishment, the publication is privileged, even if the underlying facts being reported on are untrue or defamatory. *See Yohe*, 321 F.3d at 43–44; *Mathis v. Philadelphia Newspapers, Inc.*, 455 F.Supp. 406, 417 (E.D.Pa.1978); *Sotelo*, 2006 WL 1644602, at *3; *Steer*, 472 A.2d at 1026–27; RESTATEMENT (SECOND) OF TORTS § 611 cmts. a, f. In other words, the accuracy of the publication is determined not by comparing it to the actual facts but to the law enforcement statement upon which the publication is based. *See Yohe*, 321 F.3d at 44; *Mathis*, 455 F.Supp. at 417; *Sotelo*, 2006 WL 1644602, at *3; *Steer*, 472 A.2d at 1026.

▪ After comparing appellees' story with the press release in this case, we

conclude that the story is fair and accurate. Though some of the information is arranged in a different order, the story quotes nearly verbatim large portions of the press release and fairly summarizes other portions. Goss argues that the privilege does not apply here because by relying solely on the press release instead of conducting an independent investigation, the story was biased and inaccurate because it omitted important facts, such as the prescription for his medication and that he was never charged with drag racing. However, in reporting on this police action, appellees had no duty to investigate. *See Yohe,* 321 F.3d at 39, 44 (finding defendants' report of police chief's statements privileged, even though defendants conducted no independent investigation and thus did not discover and publish related positive information about plaintiff); *Lami v. Pulitzer Publ'g Co.,* 723 S.W.2d 458, 460 (Mo.Ct.App.1986) ("[D]efendant's obligation was to publish a fair and accurate account of the [government] record. There was no concomitant duty to investigate the truth or the falsity of the information contained in the record."). Rather, they were entitled to rely on official information from the police. *See Sotelo,* 2006 WL 1644602, at *4; *Steer,* 472 A.2d at 1027. Goss asserts that appellees forfeited the privilege by embellishing the details in the news release, but he provides no examples of any such embellishments, and we cannot find any.[2] The story was an accurate report of the news release, and thus even if Goss is innocent and the underlying facts are not complete or accurate, the publication is privileged. We overrule Goss's first two issues.

In his third issue, Goss argues the trial court erred in denying his motion to strike appellees' summary judgment evidence. However, the record does not reflect that the trial court ever ruled on this objection, and thus he failed to preserve any error regarding this evidence. *See Am. Med. Techs., Inc. v. Miller,* 149 S.W.3d 265, 270 n. 4 (Tex.App.-Houston [14th Dist.] 2004, no pet.) Even if Goss had preserved this issue, we conclude the trial court would not have erred in denying his motion. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Interstate Northborough P'ship v. State,* 66 S.W.3d 213, 220 (Tex.2001); *Hooper v. Chittaluru,* 222 S.W.3d 103, 107 (Tex.App.-Houston [14th Dist.] 2006, pets. denied). Portions of Goss's arrest record and file are at issue here. About five months after his arrest, Goss successfully moved to have his arrest expunged under Chapter 55 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 55.01–.05 (Vernon 2006). Goss argues that because the expunction statute provides that when an expunction order is final, the "use of the expunged records and files for any purpose is prohibited," *id.* art. 55.03(1), appellees were prohibited from using this information in defending Goss's lawsuit. We disagree. Assuming a private individual and a corporation not named in an expunction order could ever be prohibited from using information covered by that order, by bringing this lawsuit regarding his arrest, Goss put the expunged records at issue, and thus appellees are entitled to use them. *See W.V. v. State,* 669 S.W.2d 376, 379 (Tex. App.-Dallas 1984, writ ref'd n.r.e.) (noting that plaintiff filing a lawsuit arising out of

---

**2.** Goss argues that the paper "highlighted" the story, thereby giving it the appearance of an investigative report, which would not be covered by the privilege. The story was printed inside a box, and while this may have been designed to draw readers' attention to the story, we cannot conclude that this constitutes an embellishment or otherwise creates an ambiguity in the plain language of the story as reporting on arrests in connection with a drag racing incident.

an expunged arrest "necessarily by his own allegations makes the materials contained in the expunged records ... a matter of public record subject to discovery proceedings"); *see also Thomas v. City of Selma,* No. SA–06–CA–0119–XR, 2006 WL 2854405, at *3 (W.D.Tex.2006) (granting motion to produce expunged records because plaintiff's lawsuit made them relevant). The remedy of expungement was never intended as a device for a plaintiff in a lawsuit related to the expunged matter to control the availability of relevant evidence. *See W.V.,* 669 S.W.2d at 379. Further, Goss made details of his arrest public by filing his lawsuit and summary judgment affidavit, and thus even if appellees should not have used the expunged records, Goss suffered no harm. We conclude the trial court would not have abused its discretion in denying Goss's motion to strike, and we overrule his third issue.

In their cross-issue, appellees request this court to sanction Goss for a frivolous appeal under Texas Rule of Appellate Procedure 45. Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances. *See Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.,* 78 S.W.3d 666, 676 (Tex.App.-Houston [14th Dist.] 2002, no pet.). If an appellant's argument on appeal fails to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate. *Id.* Although Goss's appeal lacks merit, we conclude that it is not frivolous, and we overrule appellees' cross-issue.

We affirm the trial court's judgment.