In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-12-00528-CV
_____


IN THE INTEREST OF R.A.M.


On Appeal from the 279th District Court
Jefferson County, Texas
Trial Cause No. F-204,353-EF


**MEMORANDUM OPINION**

This is an appeal from an order in a suit affecting the parent-child relationship (SAPCR). In his appeal, Cody McAdams challenges procedural and substantive matters related to a hearing the trial court conducted on McAdams' motion asking the trial court to enforce its prior orders regarding possession and child support against his ex-wife, Kerri McAdams.[1] The hearing occurred in

---

[1]In her brief, the appellee is identified as Kerri Dawn Dunbar. The record shows that in 2009, Kerri Dunbar, formerly Kerri McAdams, and Cody McAdams divorced. The SAPCR was incorporated into the parties' 2009 divorce decree; later, the trial court modified some of the provisions in the original SAPCR. *See generally In re R.A.M.*, No. 09-12-00331-CV, 2013 WL 257367, at *1 (Tex. App.—Beaumont Jan. 24, 2013, pet. denied) (mem. op.).

1

September 2012; in October 2012, the trial court rendered a written order, memorializing its rulings from the September hearing. In six issues, McAdams complains the trial court (1) failed to find Dunbar violated the possession order; (2) abused its discretion by hearing Dunbar's motion to enforce, which she brought under her former name and which McAdams argues contains a false statement; (3) abused its discretion in admitting, over McAdams' relevancy objection, a screenshot from a website that was established and maintained by McAdams and his wife; (4) erred in finding that both parties had failed to communicate with each other concerning the child's health, education, and welfare; (5) erred in signing a proposed order that he contends was not served on him before the hearing, and (6) erred in permitting Dunbar's attorney to use disrespectful language and a disrespectful tone when questioning or referring to McAdams during the hearing. We conclude that we do not have jurisdiction to consider the matters that McAdams complains about in issues one and four; we overrule McAdams' other issues, and we affirm the trial court's order.

## Contempt Ruling

In issues one and four, McAdams challenges the trial court's failure to grant his motion to enforce the possession order through contempt. The trial court considered the motion along with Dunbar's motion to enforce the support orders, but the hearing does not reflect that the trial court decided to hold Dunbar in

contempt. We have no jurisdiction to hear an appeal from a ruling by a trial court to deny a motion asking that a party be held in contempt. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *In re W.J.B.*, 294 S.W.3d 873, 877 (Tex. App.— Beaumont 2009, no pet.).

Child Support Arrearage

In its order of October 2012, which is the order being appealed, the trial court found McAdams in arrears on his obligation to reimburse Dunbar for health insurance expenses during the months of July 2012 and August 2012. The trial court determined that McAdams owed $398 for the reimbursement in dispute. In its October 2012 order, the trial court ordered McAdams to pay Dunbar $25 monthly until McAdams had paid the $398 in full. A judgment confirming an arrearage may be appealed. *W.J.B.*, 294 S.W.3d at 878. To the extent that McAdams' issues concern the trial court's determination that McAdams, as of the date of the hearing, owed $398 toward his child support obligations, we reach the complaints he makes in issues two, three, five, and six. *Id.*

In issue two, McAdams argues that the trial court should have declined to consider Dunbar's motion to enforce because it falsely alleged that he was previously found in contempt of court and constitutes a fictitious pleading because the motion identified her by her former name, Kerri McAdams. With respect to McAdams' complaint that Dunbar's pleadings falsely alleged he had previously

3

been held in contempt, Dunbar's motion reflects that the statements she made in her motion refer to allegations of non-payment in a motion she filed to enforce her rights. We conclude that Dunbar's motion asked that the trial court hold McAdams in contempt based on her claims of non-payment. As Dunbar did not allege that McAdams had been held in contempt, McAdams' argument that it did are without merit.

With respect to McAdams' complaint that Dunbar's motion for contempt identified her as "Kerri McAdams," he did not file a verified pleading challenging Dunbar's capacity to seek past support from him or challenging her capacity to sue him for contempt. A challenge to a party's capacity must be filed prior to trial, and it must be based on a verified pleading. *See* Tex. R. Civ. P. 93; *see also Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003). Because the arguments that McAdams raises in issue two were not properly pled, these complaints are overruled.

In issue three, McAdams contends the trial court erred in admitting evidence during the hearing that he contends was not relevant to the issues before the trial court. "Evidence which is not relevant is inadmissible." *See* Tex. R. Evid. 402.

During the hearing, Dunbar offered an exhibit of a website while McAdams was being cross-examined. The exhibit reflects that McAdams solicited donations to fund an appeal of an earlier modification order controlling the possessory rights

4

to R.A.M., and the exhibit includes a statement alleging that the McAdams family believed that the judge had been bribed. When being questioned about the content of the website, McAdams and his current wife claimed that the statement about the judge was based on an incident where Dunbar's mother told them that "'[a]s long as we keep paying, you won't see your son again.'"[2] McAdams did not disagree when he was asked whether the statement made by Dunbar's mother could have referred to Dunbar paying her attorney.

McAdams argues the exhibits had nothing to do with proving that Dunbar should receive the relief she had requested in her motion to enforce. But, the evidence had some relevance to McAdams' credibility as a witness because McAdams' unfounded public accusation of judicial misconduct suggests that McAdams was attempting to improperly influence the SAPCR proceedings. *See also* Tex. R. Evid. 611(b). The trial court may, in its discretion, allow cross-examination of a witness on a matter that relates to the witness's possible bias or motive. *See In re Commitment of Winkle*, No. 09-13-00347-CV, 2014 WL 2131468, at *10 (Tex. App.—Beaumont May 22, 2014, no pet. h.). On appeal, McAdams suggests the evidence was prejudicial. However, he did not object on that basis during the hearing, so his argument that the evidence was unduly prejudicial was not preserved for appeal. *See* Tex. R. Evid. 403; *see also* Tex. R.

---

[2]Dunbar's mother denied making a statement of this nature.

5

Evid. 103(a)(1); Tex. R. App. P. 33.1. Because the exhibit and the testimony regarding the website were relevant, it was not error to admit this evidence. Issue three is overruled.

In issue five, McAdams complains that the trial court violated Texas Rule of Civil Procedure 21a by signing an order in open court before the order was presented to McAdams and erred by ordering that Dunbar file a notice of her name change with the District Clerk as quickly as possible. The record reflects that the trial court signed the order on appeal just before the hearing ended. During the hearing, McAdams complained that Dunbar had not given the clerk written notice of her name and address, as required by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.015 (West 2008). The trial court instructed Dunbar to file the notice with the district clerk. Later that day, Dunbar filed a letter notifying the district clerk that in a separate but related cause the trial court had granted her petition to change her surname from McAdams to Dunbar, and she attached a certified copy of the order granting her request to change her name from "Kerri McAdams" to "Kerri Dawn Dunbar." The record also reflects that the relevant parties obligated to comply with the trial court's orders were present during the hearing that is the subject of this appeal. McAdams has not shown how Dunbar's failure to notify the District Clerk with respect to her current name and address caused any harm. Tex. R. App. P. 44.1.

6

The record also does not support McAdams' claim that he had not seen a copy of the order before the trial court signed it. When the October hearing began, McAdams acknowledged that he had received a copy of the proposed order near the beginning of the hearing, and reflects that he had a copy of the order before the judge signed it. We overrule issue five because the record demonstrates compliance with the applicable rule regarding service of the proposed order in this case. *See* Tex. R. Civ. P. 21a.

In issue six, McAdams complains that the trial court allowed Dunbar's lawyer to use disrespectful language and a disrespectful tone when she questioned or referred to him during the hearing. McAdams identifies ten different places in the reporter's record where McAdams alleges opposing counsel made comments that were critical and disrespectful. The record also shows that McAdams failed to object to any of these statements when they were made. Because McAdams did not object, the complaints he makes in issue six were not preserved for our review on appeal. *See* Tex. R. App. P. 33.1(a). We overrule issue six.

Frivolous Appeal

Dunbar contends the appeal is frivolous and requests that we impose a damage award of $10,000. *See* Tex. R. App. P. 45. McAdams argues Dunbar's brief contains factual misrepresentations; he asks that we strike all or part of Dunbar's brief. *See* Tex. R. App. P. 38.9(a).

Whether to grant a Rule 45 motion is a matter of discretion that should be exercised "with prudence and caution and only after careful deliberation in truly egregious circumstances." *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Although we uphold the trial court's ruling that the website-page exhibit was relevant, McAdams preserved error for appeal on the issue of its relevancy, as he cited appropriate authority in his brief and presented an argument that the evidence should have been excluded. Because McAdams' brief includes an issue that represents an informed, good-faith challenge to a ruling by the trial court, we decline to hold that McAdams' appeal is frivolous. *See Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 676 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The respective requests of the parties asking that we remedy the other's alleged misconduct are denied. We affirm the trial court's order of October 29, 2012.

AFFIRMED.

_____
HOLLIS HORTON
Justice


Submitted on March 4, 2014
Opinion Delivered September 4, 2014

Before Kreger, Horton, and Johnson, JJ.

8