# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00275-CV

**Jessica Kay Ryburn, Appellant**

**v.**

**Andrew Ryan Walkley, Appellee**

### FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT
### NO. 14,749, HONORABLE REVA TOWSLEE CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On May 7, 2015, appellant Jessica Kay Ryburn filed a notice of appeal and a motion for extension of time to file the notice of appeal. Appellee Andrew Ryan Walkley filed a response opposing the motion for extension of time and requesting sanctions under Rule 45 of the Texas Rules of Appellate Procedure. For the reasons that follow, we dismiss the appeal for want of jurisdiction, dismiss the motion for extension of time as moot, and deny Walkley's request for sanctions.

Ryburn appeals from a final judgment signed by the trial court on January 20, 2015. Ryburn timely filed a motion for new trial on February 19, 2015. *See* Tex. R. Civ. P. 4, 306a. Ryburn's motion for new trial extended her deadline for filing a notice of appeal until 90 days after the judgment was signed, making the deadline April 20, 2015. *See* Tex. R. App. P. 26.1(a)(1). That deadline might have been extended until May 5, 2015, if Ryburn had filed either a notice of appeal with the trial court or a motion for extension of time with this Court within 15 days after the deadline

for filing the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). Ryburn's May 7, 2015 notice of appeal is untimely, and we therefore lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction), *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case).

Walkley has asked the Court to award $2,500 in sanctions under Rule 45, asserting that Ryburn's appeal is frivolous. *See id.* R. 45 ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). Whether to grant sanctions for a frivolous appeal is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances. *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We deny Walkley's request.

Having determined that we lack jurisdiction over the appeal, we dismiss it for want of jurisdiction and dismiss Ryburn's motion for extension of time to file the notice of appeal as moot. *See* Tex. R. App. P. 42.3(a).

_____

              Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:   June 16, 2015