In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00210-CV

_____

ENGLOBAL U.S., INC., Appellant

V.

JEFFERSON REFINERY, L.L.C., Appellee

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-194,140-A

MEMORANDUM OPINION

In this appeal, we are asked to determine whether subject-matter jurisdiction existed over a Uniform Declaratory Judgments Act claim when the trial court rendered judgment. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2015). ENGlobal U.S., Inc. asserts the dispute became moot before the trial court rendered judgment on the claim. We conclude the trial court had jurisdiction over

the subject matter of the suit, and we overrule the sole issue ENGlobal presents in its appeal.

In October 2012, ENGlobal U.S., Inc. sued Jefferson Refinery, L.L.C. to recover the balance that it claimed it was owed under a consulting and engineering contract that it had with the refinery. In an amended petition, filed in March 2013, ENGlobal added a claim to its suit seeking to foreclose on a mechanic's and materialman's lien that it had filed against the refinery's property. The lien that ENGlobal relied upon in its foreclosure claim was based on a lien affidavit that ENGlobal filed against Jefferson Refinery's property in the property records of Jefferson County. The debt described in the lien affidavit concerns the same debt for consulting and engineering services that served as the basis of ENGlobal's breach of contract claim.

In its answer to ENGlobal's suit, Jefferson Refinery denied that it owed ENGlobal any more money under the terms of its consulting and engineering contract with ENGlobal. Jefferson Refinery also filed a counterclaim against ENGlobal, alleging that ENGlobal breached the parties' contract and had converted the refinery's property to its use. Jefferson Refinery's answer includes a claim seeking declaratory relief, and Jefferson Refinery asked the trial court to declare ENGlobal's lien invalid.

In August 2013, Jefferson Refinery filed a motion for partial summary judgment. In its motion, Jefferson Refinery sought a summary judgment on its claim seeking to declare ENGlobal's lien invalid, and its claim for attorney's fees to clear the cloud ENGlobal created on its property by filing the lien that Jefferson Refinery claimed was invalid. Shortly before the judge ruled on Jefferson Refinery's motion, ENGlobal released the allegedly invalid lien. Approximately one week later, the trial court rendered an interlocutory order granting Jefferson Refinery's motion for partial summary judgment. The trial court's interlocutory order declares ENGlobal's lien invalid and includes an award of attorney's fees based on Jefferson Refinery's declaratory judgment claim.

In March 2014, the trial court severed Jefferson Refinery's claim for declaratory judgment, costs, and fees into Cause Number E-194,140-A. In April 2014, the trial court rendered a final judgment in Cause Number E-194,140-A. In Cause Number E-194,140-A, the trial court rendered a judgment declaring ENGlobal's lien invalid and of no force and effect, quieted the cloud on Jefferson Refinery's property that ENGlobal created by filing an invalid lien, and awarded Jefferson Refinery relief on its claim seeking to recover the attorney's fees that were reasonably required to have the court remove ENGlobal's lien.

On appeal, ENGlobal argues that after releasing its lien, the dispute regarding the lien became moot, causing the trial court to lose subject-matter jurisdiction over Jefferson Refinery's declaratory judgment action, Cause Number E-194,140-A. In response, Jefferson Refinery argues that after ENGlobal released its lien, a cognizable dispute remained concerning Jefferson Refinery's claim seeking to recover attorney's fees under the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015)

We agree with Jefferson Refinery's argument that a cognizable claim for attorney's fees remained before the trial court after ENGlobal released its lien. Under Chapter 37 of the Civil Practice and Remedies Code, trial courts are authorized to award "costs and reasonable and necessary attorney's fees as are equitable and just" in proceedings filed pursuant to the Uniform Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.009. In support of its argument that no cognizable claim remained after it released its lien, ENGlobal relies on the Ninth Court of Appeals' opinion in *Target Corporation v. Advanced Alarm Systems, Incorporated*, No. 09-06-322-CV, 2007 Tex. App. LEXIS 4431 (Tex. App.—Beaumont June 7, 2007, no pet.) (mem. op.). In *Target*, even though the removal of the lien by settlement rendered the validity of the lien moot, we exercised jurisdiction over an appeal that addressed the trial court's denial of

4

Target's request for attorney's fees under section 53.156 of the Texas Property Code. *Id*. at \*\*3-4. Although we noted in *Target* that there was nothing left for the trial court to resolve after Advanced Alarm removed its lien, we did so because the ruling denying fees was issued in a hearing that occurred prior to the trial court's rendering a judgment denying the request for fees. *Id.* at \*4. In *Target*, we did not conclude, given the procedural history of that case, that the trial court did not have jurisdiction over the dispute. *Id*. at \*5 Instead, with respect to Target's claim seeking to recover attorney's fees, we held that Target failed to demonstrate that the trial court abused its discretion by denying Target's request for fees. *Id*. at 7. We conclude that *Target* does not support ENGlobal's argument that the trial court did not have jurisdiction over the subject matter of Jefferson Refinery's case.

In declaratory judgment actions, it is well-settled law that a cognizable claim remains before the court if a claim for attorney's fees is pending when the trial court renders a final judgment. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642-43 (Tex. 2005) (holding that in a declaratory judgment case, the claim for attorney's fees prevented the appeal from becoming moot); *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774-75 (Tex. App.—Dallas 2011, no pet.) (holding that in a declaratory judgment case, as long as a claim for attorney's fees under the Uniform Declaratory Judgments Act is pending, the suit is not moot). In

our opinion, the question that ENGlobal raises about the language in the judgment declaring ENGlobal's lien invalid concerns whether the trial court committed error by granting declaratory relief after ENGlobal released its lien. However, ENGlobal has not argued that the part of the judgment declaring the lien invalid should be reversed because that part of the dispute became moot after it released its lien. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004) (treating the problem of whether the trial court should have refused to enter a declaratory judgment under the circumstances as a question involving error, not jurisdiction).

In this case, the argument ENGlobal presents is limited to challenging the trial court's jurisdiction to act in the dispute. While ENGlobal argues its release of the lien left nothing for the trial court to resolve, the record shows that a cognizable claim for attorney's fees remained following ENGlobal's release of its lien. *See Camarena v. Tex. Emp't Comm'n,* 754 S.W.2d 149, 151 (Tex. 1988) (holding that a claim for attorney's fee is a live controversy that prevents the case from becoming moot).

The Uniform Declaratory Judgments Act authorizes an award of fees if they are otherwise available under the law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (authorizing a court through its equity powers to award reasonable and necessary attorney's fees in a declaratory judgment action); *MBM Fin. Corp. v.*

*Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009) (reversing an award of attorney's fees where the recovery was not otherwise authorized by the Legislature through a statute). In this case, several statutes were invoked by Jefferson Refinery's first amended and second amended petitions authorizing an award of attorney's fees. *See* Tex. Prop. Code Ann. § 53.156 (West 2014) (authorizing award of costs and attorney's fees in proceedings under Chapter 53 of the Property Code to declare a lien invalid); Tex. Civ. Prac. & Rem. Code Ann. § 12.002(b) (West Supp. 2015) (authorizing award of damages that includes reasonable attorney's fees and costs for knowingly using a fraudulent lien); Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2015) (authorizing the recovery of reasonable attorney's fees in suits for breach of an oral or written contract). In its appeal, ENGlobal has not asked that we address whether Jefferson Refinery was entitled to recover attorney's fees given the merits of Jefferson Refinery's declaratory judgment action. Additionally, ENGlobal has not argued that the trial court erred by awarding fees on the grounds that the declaratory relief Jefferson Refinery sought duplicated the issues that it is litigating in Cause Number E-194,140. *See Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (reversing fees awarded in declaratory judgment action where the declaratory

judgment claims were unwarranted because they added nothing to the other remedies being sought).

In its brief, Jefferson Refinery asks that we declare ENGlobal's appeal frivolous. Jefferson Refinery also asks that we award damages under Rule 45 of the Texas Rules of Appellate Procedure for the delays ENGlobal caused by pursuing an appeal. Tex. R. App. P. 45.

We decline to impose an award of fees under the circumstances presented on the record before us in this appeal. In deciding whether to award fees under Rule 45 of the Texas Rules of Appellate Procedure, we exercise caution. *See Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances."). "If an appellant's argument on appeal fails to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate." *Id*. We note that in this case, the trial court's judgment includes conditional awards of attorney's fees to reimburse Jefferson Refinery for the expenses that it incurred in connection with the appeal. Under the

8

circumstances, we decline to grant Jefferson Refinery's request to find ENGlobal's appeal frivolous. *See* Tex. R. App. P. 45.

In conclusion, we have not been asked to decide if the trial court committed error in declaring the parties' rights and awarding fees; instead, the only matter we are asked to decide is whether the trial court had subject-matter jurisdiction over the dispute when it ruled. Because a claim for attorney's fees was pending when the trial court rendered judgment, we hold the trial court had jurisdiction over the parties when it rendered the judgment at issue in this appeal. We overrule ENGlobal's sole issue and affirm the judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 30, 2014
Opinion Delivered December 10, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.

9