**Affirmed and Memorandum Opinion filed August 9, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00522-CV

---

## CARRARA MARMI, S.R.L., Appellant

## V.

## EXPO STONES, LLC; EXPO STONES DALLAS, LLC; EXPO GRANITE MARBLE, LLC; AND SAID ABU QARTOUMY, Appellees

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1157974**

---

## M E M O R A N D U M   O P I N I O N

Appellant Carrara Marmi, S.R.L. ("Carrara Marmi") sued appellees Expo Stones, LLC, Expo Stones Dallas, LLC, Expo Granite Marble, LLC, and Said Abu Qartoumy (collectively, "Appellees"), seeking to collect the balance owed on an unpaid invoice. Following a bench trial, the trial court signed a take-nothing judgment in favor of Appellees. Carrara Marmi appealed and challenges certain findings of fact and conclusions of law issued by the trial court. For the reasons below, we affirm the trial court's judgment.

BACKGROUND

In August 2020, Carrara Marmi sued Appellees, alleging Appellees owed money in connection with their purchase of marble slabs. The parties proceeded to a bench trial in July 2021.

*Evidence at Trial*

Lorenzo Bonotti was the first witness to testify at trial. Bonotti owns Carrara Marmi and a separate company, Stone Trading International ("Stone Trading"). Both companies are based in Italy and sell Italian marble. Bonotti testified that the two companies "have separate books [and] separate bank accounts."

According to Bonotti, appellee Said Abu Qartoumy previously purchased marble slabs from Carrara Marmi and Stone Trading. Bonotti said these purchases were made through appellee Expo Stones, LLC, one of Qartoumy's Texas-based companies. Admitted during this line of testimony were two invoices billed to Expo Stones, LLC:

- Issued in February 2016 by Stone Trading, the first invoice requested a payment of $41,335.40 for the purchase of 86 marble slabs.
- Issued in January 2018 by Carrara Marmi, the second invoice requested a payment of $27,755.70 for the purchase of 77 marble slabs.

Discussing the January 2018 invoice issued by Carrara Marmi, Bonotti said the parties eventually agreed to settle the outstanding balance for $15,000. Admitted into evidence was an April 2019 email from a Carrara Marmi employee to Qartoumy stating that "Mr. Bonotti accept[s] the amount of USD 15.000 to close the file." According to Bonotti, he was expecting to receive Appellees' payment shortly after the agreement was reached.

In December 2019, Appellees wired $15,000 to Stone Trading's bank account. Bonotti testified that this payment was applied to the outstanding balance owed on the February 2016 Stone Trading invoice. Admitted into evidence was the following data compilation from Stone Trading's accounting software, which shows the payments made and credits issued in connection with the February 2016 invoice:

| DATE[1] | N.DOC | TYPE DOC | PAYMENT | currency | DUE USD | PAID USD | BAL USD |
|---------|-------|----------|---------|----------|---------|----------|---------|
| 22/02/2016 | 134/16 | INV | 22/05/2016 | USD | 41.335,40 | | |
| 24/10/2016 | | WIRE | | USD | | -17.050,90 | |
| 25/10/2016 | | WIRE | | USD | | -7.281,50 | |
| 25/10/2016 | ASSET | | | USD | -49,60[2] | | |
| 05/12/2019 | | WIRE | | USD | | -14.950,00 | |
| 05/12/2019 | ASSET | | | USD | -50,00 | | |
| 05/12/2019 | 123/X/19 | CN | | USD | -1.943,40 | | |
| 05/12/2019 | ASSET | | | USD | 10,00 | | |
| | | | | | 39.282,40 | -39.282,40 | 0,00 |

Reviewing the data sheet, Bonotti said the first line item listed the total owed on the invoice: $41,335.40. According to Bonotti, Appellees made two payments toward this balance in 2016: one for $17,050.90 and a second for $7,281.50. The next payment shown on the data sheet is the $15,000 payment made in December 2019 (minus a $50 wire fee). Bonotti said a $1,943.40 credit was applied to the account and the invoice was closed with a zero balance.

According to Bonotti, Appellees did not remit to Carrara Marmi the $15,000

---

[1] The dates are shown in the day/month/year format.

[2] According to Bonotti, this deduction represents a bank fee for the wire transfer.

3

payment that the parties agreed would settle the January 2018 invoice. After the $15,000 payment was received by Stone Trading, Bonotti said he "reported to Mr. Qartoumy that these payments received was a Stone Trading — it was for Stone Trading and Carrara Marmi issued — Carrara Marmi['s] invoice was still open and to be paid." Bonotti recalled telling Qartoumy "[n]ow you have to close the file for Carrara Marmi with another 15,000." Bonotti said the $15,000 payment could not be transferred from Stone Trading's account to Carrara Marmi's account because the companies are separate.

When asked about instructions for customer payments, Bonotti testified that the invoices issued by Stone Trading and Carrara Marmi each include separate wiring instructions. Bonotti stated that he had not previously seen a customer pay a Carrara Marmi invoice by sending money to Stone Trading. According to Bonotti, that would be "impossible" because the companies had "different bank[s], different code number[s], [and] different account number[s]" listed on their respective invoices. Bonotti testified that Appellees' $15,000 payment was remitted in accordance with the wiring instructions on the three-year-old Stone Trading invoice.

When asked if he personally gave Qartoumy the wire transfer information for the $15,000 payment, Bonotti responded: "Personally, no, I never gave the — the bank details. But it's not my job to provide the bank details to the — to the customers." But when asked if his "company g[a]ve Said Qartoumy the wire information — wiring information in December of 2019", Bonotti said "[p]robably, yes."

Qartoumy was the second witness to testify and, like Bonotti, said that the parties agreed to settle Carrara Marmi's January 2018 invoice for $15,000. Qartoumy said the $15,000 payment was sent in December 2019 according to wiring instructions received "[f]rom Mr. Bonotti's office." Qartoumy said his

office did not rely on a three-year-old invoice to find the wiring instructions. According to Qartoumy, if there was any mistake as to where the $15,000 was sent, that mistake was caused by Bonotti's office.

After the $15,000 payment was sent, Qartoumy said Bonotti never informed him that the payment was sent to the wrong company. Qartoumy said he was under the impression that the only outstanding invoice was the January 2018 invoice issued by Carrara Marmi and that it was paid in December 2019. According to Qartoumy, neither Bonotti nor Stone Trading informed him that additional amounts were owned pursuant to the February 2016 invoice.

### *The Trial Court's Ruling*

On August 4, 2021, the trial court signed a final judgment rendering a take-nothing judgment in favor of Appellees. Shortly thereafter, the trial court issued findings of fact and conclusions of law. As relevant to the issues raised on appeal, the trial court issued the following findings:

6. Each of the representatives . . . testified that the parties came to an agreement to settle the outstanding invoice for the sum of $15,000.00, on or about April 23, 2019. The agreement did not spell out the date for the payment. The [Appellees] testified that [they] believed they were settling Carrara Marmi, S.R.L. (Plaintiffs) invoice dated January 8, 2018.

   \*　　　　　\*　　　　　\*

8. Expo Stones, LLC made the $15,000.00 payment to settle the account.

9. A representative of Carrara Marmi, S.R.L. (Plaintiffs) provided the wiring instructions for making the payment for the settlement.

10. The $15,000.00 payment was sent for the sole purpose of paying the settlement.

5

(internal citations omitted). The trial court also issued the following conclusions of law:

15.      The $15,000.00 was intended by the parties to settle Carrara Marmi, S.R.L., invoice dated January 8, 2018.

16.      Plaintiffs misapplied the $15,000.00 to another invoice dated February 22, 2016 and should have applied the $15,000.00 to Carrara Marmi, S.R.L., invoice dated January 8, 2018 as intended by the parties during their settlement discussions.

17.      The $15,000.00 settlement was paid in full for Carrara Marmi, S.R.L., invoice dated January 8, 2018, which is the subject of this lawsuit.

Carrara Marmi filed a notice of appeal.

## ANALYSIS

Carrara Marmi raises two issues on appeal and asserts: (1) the trial court's Finding of Fact No. 9 "is not supported by the record"; and (2) the trial court's Conclusions of Law Nos. 15, 16, and 17 are not supported by sufficient evidence. In their response to Carrara Marmi's issues, Appellees request that the court "assess sanctions for the frivolous appeal." We examine these arguments below.

## I.      The Trial Court's Findings of Fact and Conclusions of Law

### A.      Standard of Review

In a bench trial, findings of fact have the same force and dignity as a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Zhang v. Cap. Plastic & Bags, Inc.*, 587 S.W.3d 82, 91 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). When, as here, a complete reporter's record is filed, we review the trial court's findings for legal and factual sufficiency under the same standards applied to jury verdicts. *Zhang*, 587 S.W.3d at 91.

6

A party attacking the legal sufficiency of an adverse finding on an issue on which he had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the appealed finding and indulge every reasonable inference that supports it. *Univ. Gen. Hosp., LP v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 821-22 (Tex. 2005)). Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id.* at 551. We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* The fact finder is the sole judge of the witnesses' credibility and the weight to be assigned to their testimony. *Id.* If there is more than a scintilla of evidence supporting a finding of fact, we will overrule a legal sufficiency challenge. *CA Partners v. Spears*, 274 S.W.3d 51, 69 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

When a party attacks the factual sufficiency of an adverse finding on which he bore the burden of proof, he must establish that the finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242. In reviewing the factual sufficiency of the evidence, we examine the entire record and consider evidence both in favor of and contrary to the challenged finding. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). The amount of evidence necessary to affirm is far less than the amount necessary to reverse a judgment. *4922 Holdings, LLC v. Rivera*, 625 S.W.3d 316, 324 (Tex. App.—Houston [14th Dist.] 2021, pet. denied).

We review a trial court's conclusions of law *de novo* to determine if the court drew the correct legal conclusions from the facts. *BMC Software Belg., N.V.*

7

*v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). An appellant may not challenge a trial court's conclusions of law for factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *Id.* If the trial court rendered the proper judgment, we will not reverse that judgment even if the trial court's conclusions of law are incorrect. *Moran v. Mem'l Point Prop. Owners Ass'n, Inc.*, 410 S.W.3d 397, 402 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

### B. Finding of Fact No. 9

Finding of Fact No. 9 states that Carrara Marmi "provided the wiring instructions for making the payment for the settlement." Challenging this finding, Carrara Marmi asserts that it "has no support in the record." We construe this argument as a challenge to the legal and factual sufficiency of the evidence.

We conclude the challenged finding is supported by sufficient evidence. As outlined above, Qartoumy testified at the bench trial that the $15,000 payment was transferred according to the wiring instructions received from Bonotti's office. Qartoumy said his office did not rely on Stone Trading's 2016 invoice to provide the wiring instructions. When Bonotti was asked whether his office gave Qartoumy the wiring instructions in December 2019, Bonotti responded, "[p]robably, yes." This constitutes legally and factually sufficient evidence to support the trial court's finding that Carrara Marmi provided the wiring instructions for Appellees' $15,000 payment. *See Moran*, 410 S.W.3d at 402; *CA Partners*, 274 S.W.3d at 69.

We overrule Carrara Marmi's challenge to Finding of Fact No. 9.

### C. Conclusions of Law Nos. 15, 16, and 17

Conclusion of Law No. 15 states that the parties intended the $15,000 payment to settle Carrara Marmi's January 2018 invoice. On appeal, Carrara Marmi argues that this conclusion is incorrect because of the trial court's

8

"erroneous application of Finding of Fact No. 9."  Because we conclude that Finding of Fact No. 9 is supported by sufficient evidence, we overrule Carrara Marmi's challenge to Conclusion of Law No. 15.

Conclusion of Law No. 16 states that Carrara Marmi "misapplied" Appellees' $15,000 payment and "should have applied" the payment to Carrara Marmi's January 2018 invoice.  Conclusion of Law No. 17 states that Appellees paid the $15,000 that the parties agreed would settle the January 2018 invoice.  Challenging these conclusions, Carrara Marmi asserts "there is no evidence to show that Carrara Marmi considered that payment as part of the settlement, especially because it was sent to a separate company."

Based on the evidence presented at trial, we conclude that the trial court properly drew these legal conclusions from the underlying facts.  *See BMC Software Belg., N.V.*, 83 S.W.3d at 794.  Specifically, the trial court found that (1) the parties agreed to settle the balance owed on the January 2018 invoice for $15,000; (2) Carrara Marmi provided the wiring instructions for the $15,000 payment; and (3) Appellees sent the $15,000 "for the sole purpose of paying the settlement."  Therefore, despite the fact that the payment was sent to Stone Trading's account, the trial court could properly conclude that Carrara Marmi "should have applied" the $15,000 payment to the January 2018 invoice based on the parties' agreement and Carrara Marmi's provision of the wiring instructions. From these facts, the trial court could also properly conclude that Appellees paid the $15,000 the parties agreed would settle the January 2018 invoice.

We overrule Carrara Marmi's challenges to Conclusions of Law Nos. 15, 16, and 17.

## II.  Appellees' Request for Sanctions

In their appellate brief, Appellees request that the court "assess sanctions" against Carrara Marmi "for the frivolous appeal."

If we determine that an appeal is frivolous, we may, on the motion of a party or on our own initiative, award the prevailing party "just damages." *See* Tex. R. App. P. 45.  "To determine whether an appeal is frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed." *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).  We are not required to sanction every frivolous appeal; rather, the imposition of sanctions is a discretionary decision exercised with prudence and caution only after careful deliberation.  *Id.*  Sanctions are not appropriate when, despite the failure to convince us on appeal, the appellant's argument has a reasonable basis in law and constitutes a good-faith challenge to the trial court's judgment.  *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

After reviewing the record, we decline to award sanctions for a frivolous appeal.  We deny Appellees' request for damages under Rule 45.

### CONCLUSION

We affirm the trial court's August 4, 2021 final judgment.


/s/     Meagan Hassan
Justice


Panel consists of Justices Bourliot, Hassan, and Wilson.

10